103 U.S. 40
 103 U.S. 40
 26 L.Ed. 317
 BAMBERGER
v.
TERRY.
 October Term, 1880
 
 ERROR to the Circuit Court of the United States for the District of Connecticut.
 The parties to this action having stipulated in writing that it should be tried by the court, the following facts were found by it to have been proven:——
 On or about Aug. 12, 1875, the firm of S. A. Castle & Co., of the city of New York, consisting of Samuel A. Castle, Rufus E. Hitchcock, and Henry S. McGrane, being insolvent, made an assignment of all their goods and effects, for the joint and equal benefit of their creditors, under the statute of New York of April 13, 1860, to Leopold Bamberger, of that city, who accepted the trust, gave bonds according to law, and entered upon his duties Aug. 12, 1875.
 Previously to this time the firm had been the selling agents in that city of the United States Button Company, a jointstock corporation, duly incorporated in pursuance of the laws of Connecticut, and established in Waterbury. The firm had in their store on Aug. 12, 1875, the manufactured goods of the company theretofore sent for sale upon commission to large amount, and being the property of the company. Their market value was $7,500. The company had not been in the habit of drawing against its consignments, but prior to that date had obtained from Castle & Co. their accommodation acceptances to the amount of $22,500; and it was agreed between the parties at the time when the acceptances were given that the firm should have, as security against their liability upon them, a lien on the goods which were from time to time unsold. These acceptances had been discounted for the benefit of the company, and were then held and owned by the Waterbury National Bank.
 The goods of the company in the possession of Castle & Co. were specified in their inventory, which was duly made and filed, in pursuance of the laws of New York, under the head of 'Goods on hand on which allowances have been made, and merchandise in stock,' &c., as 'consigned by the United States Button Co.,' and were appraised at $6,054. The assignee thus had notice of the ownership of the goods. He immediately took possession of them as his own, and as equitably belonging to the creditors of Castle & Co., and proceeded forthwith to sell them as rapidly as he was able for the benefit of the estate. On Sept. 24, 1875, the company took up and received the acceptances from the Weterbury National Bank by the substitution of the company's notes therefor; and thereupon the president of the company carried said acceptances to New York, tendered them to Bamberger, and demanded of him the goods belonging to the company, but he refused to deliver the same, and continued the sale thereof.
 The Superior Court of New Haven County, on or about Nov. 1, 1875, appointed Terry, the plaintiff, receiver of the estate of the Button Company, and authorized him, by its decree, to execute the powers specified in the General Statutes of Connecticut. He accepted said trust, gave bonds pursuant to law, which were accepted by the court, and entered upon his duties.
 Nov. 24, 1875, the plaintiff, accompanied by the secretary of the company as a witness, again tendered the acceptances to Bamberger, in the city of New York, and demanded the goods as the property of the Button Company. Bamberger refused to deliver them. The plaintiff then asked him if there were any other acceptances outstanding against the goods, or if there were any other claims or charges against the goods for interest, commission, &c., except the tendered drafts, to which inquiry Bamberger replied in the negative. Upon the payment of said accommodation acceptances, Castle & Co. were indebted to the Button Company in a large amount, as appeared by the inventory.
 The defendant objected to all evidence of the demand of Terry as receiver upon Bamberger, and of his refusal and of the title of Terry to the goods, upon the following grounds:——
 'It being conceded by the plaintiff that all the demanded goods at the time of the appointment of said Terry, and continuously until said demand, and until after the bringing of this suit, were in the city of New York, all evidence of demand and refusal and of ther title of said Terry is objected to on the ground that said Terry's title is confined to the property of said corporation within the State of Connecticut and the jurisdiction of the State court.'
 The objection was overruled, whereupon the defendant excepted.
 At the close of plaintiff's evidence the defendant moved for judgment in his favor, on the ground,——
 1. That the plaintiff's only title to the goods in question is as receiver appointed by the State court of Connecticut.
 2. All the goods in question are in New York, and beyond the jurisdiction of the courts of Connecticut.
 3. The statutes and courts of Connecticut have no power to give title to goods located beyond the jurisdiction of that State.
 The motion was denied, and the defendant excepted.
 At the close of the testimony, the plaintiff asked and obtained leave, against the objection of the defendant, to amend the declaration by the addition of counts for a conversion prior to the plaintiff's appointment. Opportunity was given to the defendant, after the allowance of the amendments, to introduce additional testimony if he desired, but he claimed that a new issue having been raised, he was entitled to a trial by jury upon the whole case.
 The court held that the defendant having stipulated to try the case by the court, and having closed his pleadings and presented all his evidence, had waived his right to trial by jury. Judgment having been rendered in favor of the plaintiff, the defendant sued out this writ of error.
 Mr. R. B. Warden and Mr. S. W. Jonston, for the plaintiff in error.
 Mr. S. W. Kellogg and Mr. George E. Terry, contra.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 This record shows that on the 25th of May, 1876, Bamberger, the defendant below, moved that the cause be entered on the jury docket of the court, 'pursuant to the statute in such case provided, and as of right he may demand.' Afterwards he stipulated in writing that the cause be tried by the court. This was equivalent to a waiver of a jury. The stipulation was duly filed and entered of record. Afterwards the parties appeared and the case was tried by the court. At the close of the testimony, Terry, the plaintiff below, asked and, against the objection of the defendant, obtained leave to amend his declaration so as to avoid a variance between the pleadings and the proof. The defendant then put in a general denial to the amended declaration and demanded a jury trial. This the court refused, but gave the defendant leave to introduce additional evidence, if he desired.
 
 
 2
 By sect. 954, Rev. Stat., the trial court may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall in its discretion, or by its rules, prescribe. This clearly authorizes the allowance of amendments during the progress of a trial in furtherance of justice. When such an amendment is permitted the court must, in its discretion, determine whether any submission which has been made ought to be vacated. Here the court decided that it ought not, and in this we see nothing wrong. Neither the nature of the case nor the real issue between the parties, as it had been tried, was changed by the amendment. All that had been done was to present by the pleadings, fairly and on its merits, the controversy as it had actually been tried.
 
 
 3
 Judgment affirmed.