## SOUTHERN RAILWAY COMPANY v. GADD.

### ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 645. Argued April 15, 1914.—Decided May 11, 1914.

In a case in which the writ of error directed to the Circuit Court of Appeals is based on the Employers' Liability Act, but presents for decision no question concerning the interpretation of that act, but only considerations of general law, this court, while it has power to consider all such questions, will not reverse as to such questions unless it clearly appears that error has been committed.

Although the trial court in replying to counsel may have followed counsel in erroneously referring to assumption of risk instead of contributory negligence and negligence of fellow-servants, if assumption of risk was not involved in the action or referred to in the testimony, the error, if any, was not prejudicial.

Where the record shows that the case was carefully and fully considered in both of the courts below and the contentions, advanced to support the assertion that the interpretation of the Employers' Liability Act is involved are so frivolous as to justify the conclusion that the writ of error is prosecuted for delay, this court will impose a penalty, in this case of five per cent. upon the amount involved, under paragraph 2 of Rule 23.

207 Fed. Rep. 277, affirmed.

THE facts, which involve the construction of the Employers' Liability Act of 1908 as amended 1910, are stated in the opinion.

*Mr. Caruthers Ewing,* with whom *Mr. L. E. Jeffries* was on the brief, for plaintiff in error:

The fact of injury to a servant carries with it no presumption of negligence on the part of the master, under the circumstances of this case. *Tex. &c. R. R. Co.* v. *Barrett,* 156 U. S. 617; *Patton* v. *Tex. &c. R. Co.,* 179 U. S. 658; *Looney* v. *Met. Ry. Co.,* 200 U. S. 480; Labatt's

Master & Servant (2d ed.), Art. 1604, p. 4898; *G. Nor. Ry. Co.* v. *Johnson,* 176 Fed. Rep. 328; *Midland Valley R. Co.* v. *Fulgham,* 181 Fed. Rep. 91.

A master is not an insurer of the safety of his servants, but must exercise reasonable care to protect them from injury. *Hough* v. *T. & P. R. R. Co.,* 100 U. S. 213; *W. & G. R. Co.* v. *McDade,* 135 U. S. 554; *U. P. Ry. Co.* v. *O'Brien,* 161 U. S. 451; *C. O. & G. R. Co.* v. *Tennessee,* 191 U. S. 326; *M. & O.* v. *Yockey,* 103 Fed. Rep. 265; *Sandige* v. *A., T. & S. F. R. R. Co.,* 193 Fed. Rep. 867; *Narramore* v. *C., C., C. & St. L. R. R. Co.,* 96 Fed. Rep. 298; *Maue* v. *Erie R. R. Co.,* 198 N. Y. 221; *Lancaster* v. *A., T. & S. F. R. R. Co.* (Mo.), 127 S. W. Rep. 607; *I. & G. N. R. R. Co.* v. *Schubert* (Tex.), 130 S. W. Rep. 708; White on Personal Injuries on Railroads, Art. 251.

Making a kicking switch, in the usual and customary manner, even though it involves a sudden movement of an engine, with a jerk or snap, is not negligence. *Randall* v. *B. & O. R. R. Co.,* 109 U. S. 478; *C., M. &c. R. R.* v. *Voelker,* 129 Fed. Rep. 532; *Olds* v. *R. R. Co.,* 178 Massachusetts, 73; *Worcester* v. *Ry. Co.* (Tex.), 91 S. W. Rep. 339; *Davis* v. *B. & O. R. R. Co.,* 152 Pa. St. 314; *Skinner* v. *Cen. Vt. R. R. Co.,* 73 Vermont, 336; *Dumas* v. *Stone,* 65 Vermont, 442; *Guffey* v. *H. & St. J. Ry. Co.,* 53 Mo. App. 462; *Hedrick* v. *Mo. Pac. Ry. Co.,* 195 Missouri, 104; *C. & A. R. R. Co.* v. *Arnol,* 144 Illinois, 261; *Cen. R. R. Co.* v. *Sims,* 80 Georgia, 749; *S. W. Tel. Co.* v. *Woughter,* 56 Arkansas, 206; *Rutledge* v. *Mo. Pac. Ry. Co.,* 110 Missouri, 312; *Youll* v. *S. C. & P. Ry. Co.,* 66 Iowa, 346; *Hunt* v. *Hurd,* 98 Fed. Rep. 683; *L. & N. R. R. Co.* v. *Smith,* 129 Alabama, 553; *Carr* v. *St. Clair Tunnel Co.,* 131 Michigan, 392; White on Personal Injuries, Arts. 330, 331; *Allen* v. *A. C. L. R. Co.,* 49 A. & E. R. R. Cas. (N. S.), 576; *Schaible* v. *L. S. & M. R. R. Co.* (Mich.), 21 L. R. A. 660.

The failure of the engineer to observe and take notice

of the defendant in error, under the circumstances, was not actionable negligence because the engineer owed the defendant in error no duty to keep watch and ward over him.  A proper discharge of his duties, as engineer, made it impossible that he could keep track of the movements of the fireman.  *C., C., C. & St. L. Ry. Co.* v. *Ballentine,* 84 Fed. Rep. 933, 937; *Goodlander Mill Co.* v. *Standard Oil Co.,* 63 Fed. Rep. 401; *Savings Bank* v. *Ward,* 100 U. S. 195, 202; *Aerkfetz* v. *Humphreys,* 145 U. S. 418; *Bottum's Admr.* v. *Hawks,* 84 Vermont, 370; *Cook* v. *Rice Lake Milling Co.,* 146 Wisconsin, 535; 1 White on Personal Injuries, Arts. 19, 322.

There is no conflict in the evidence sufficient to carry the case to the jury on the question whether the engineer did or did not see defendant in error while he was on the ground and about the steps of the engine cab.  Evidence that defendant in error was there to be seen and had a torch which would have made him visible to anyone looking for him, or whose duty it was to look for him, does not create a conflict with the affirmative statement of the engineer that he did not see him and did not know he was there, especially when the engineer explains why he did not see him and why he did not know he was there.  And the case of defendant in error was stated, at the trial, as based on the proposition that the engineer did not see him.  *B. & O. R. R. Co.* v. *Baldwin,* 144 Fed. Rep. 53; *McMillan* v. *Grand Trunk Ry. Co.,* 130 Fed. Rep. 827.

A party will not be permitted to take one position at the trial and demand a judgment or verdict based thereon and, thereafter and in the appellate court, be heard to assert that what he stated at the hearing as the determinative question was not the real basis of his claim.  *N. Y., Lake Erie & W. Ry. Co.* v. *Estill,* 147 U. S. 591; *Badger* v. *Ranlett,* 106 U. S. 255; *San Juan Light Co.* v. *Requena,* 224 U. S. 89.

The defense of assumed risk was not abolished by the

Employers' Liability Act, except to the extent that the employé does not assume the risk of his employment where the violation by the carrier of a statute enacted for the safety of the employé caused or contributed to his injury. The act does not affect the doctrine of assumption of risk as it relates to the ordinary and usual hazards of the master's service. *Bowers* v. *R. R. Co.* (Ga.), 73 S. E. Rep. 677; *Freeman* v. *Powell* (Tex.), 144 S. W. Rep. 1033; *Parker* v. *Pac. &c. R. R. Co.* (Kans.), 129 Pac. Rep. 1151; *Hall* v. *Vandalia R. R. Co.*, 169 Ill. App. 12; *Neal* v. *Idaho &c. R. R. Co.*, 22 Idaho, 74.

Authorities recognizing the existence of the defense of assumption of risk are: *Seaboard Air Line* v. *Moore*, 228 U. S. 433; *Amer. R. R. Co.* v. *Birch*, 224 U. S. 547; *Cen. R. Co.* v. *Colasurdo*, 192 Fed. Rep. 901; *Sandige* v. *A., T. & S. F. Ry. Co.*, 193 Fed. Rep. 867.

While the defense of contributory negligence was abolished, the defense of assumption of risk was, by § 4 of the act, left unimpaired, except in cases based on violation of statutory duty.

There is a wide distinction between contributory negligence and assumption of risk, the question of assumption of risk being quite apart from that of contributory negligence. *Schlemmer* v. *Buffalo &c. Ry. Co.*, 220 U. S. 590, 596; *R. R.* v. *McDade*, 191 U. S. 68; *Tuttle* v. *Ry. Co.*, 122 U. S. 189; *Sou. Pac. Ry. Co.* v. *Seley*, 152 U. S. 145.

*Mr. John L. Stout* for defendant in error.

Mr. Chief Justice White delivered the opinion of the court.

The defendant in error on this record sued the railway company, the plaintiff in error, to recover damages for personal injuries alleged to have been suffered through its negligence. The cause of action was expressly based

upon the Employers' Liability Act,[1] it being averred that at the time of the injury the plaintiff as an employé of the defendant was assisting in the actual movement of interstate commerce transportation in which the defendant company was then engaged. The case is here on error prosecuted by the Railway Company to a judgment of the court below affirming a judgment of the trial court upon a verdict. (207 Fed. Rep. 277).

In *Chicago Junction Ry.* v. *King*, 222 U. S. 222, it was held that as the pleadings in that case based the right to recover upon an act of Congress, the Safety Appliance Law, there was power in this court to review the judgment of a Circuit Court of Appeals—an authority which carried with it the duty to consider and pass upon all questions for decision in the case even although they might not concern the interpretation of the act of Congress upon which the suit was based. But while thus ruling it was nevertheless declared that as questions of common law negligence not involving the interpretation of the statute fell within the classes of questions which under the distribution of judicial power made by the act of 1891 (reëxpressed in the Judicial Code) were determinable by the Circuit Court of Appeals in last resort, where such questions were brought here from a Circuit Court of Appeals because they arose in a suit under the statute, and which for that reason alone could come here, whilst considering we would not reverse as to such questions unless it clearly appeared that error had been committed. Besides establishing this rule it was further said that in disposing of such questions we would not feel it our duty to re-state the case and reëxpound the principles applicable to its decision below, but would as a general rule leave those subjects where the Circuit Court of Appeals had left them, and

---

[1] The Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, as amended April 5, 1910, c. 143, 36 Stat. 291.

would hence content ourselves with merely expressing our ultimate conviction of the case as formed after an adequate examination of the record. The principles announced in the *King Case* were subsequently expressly reiterated and applied in *Seaboard Air Line* v. *Moore*, 228 U. S. 433 and *Chicago, R. I. & Pac. Ry.* v. *Brown*, 229 U. S. 317. And in both of these latter cases it was recognized that the ruling in the *King Case* was equally applicable to cases brought here from the Circuit Court of Appeals on the ground that the relief sought was based on the Employers' Liability Act where the cause of action arose since the adoption of the Judicial Code.

Coming to the case made by this record, although as we have said, it is manifest that the cause of action was based upon the Employers' Liability Act, we are of the opinion that it presents for decision no question concerning the interpretation of that act since all the questions which require to be decided merely involve considerations of general law depending in no sense upon the particular significance of the Employers' Liability Act. Under these conditions it is apparent that the case is absolutely controlled by the *King Case;* and we therefore content ourselves with saying that as after an adequate examination of the record we find no ground whatever affording a clear conviction that error was committed, affirmance must follow.

This disposes of the entire case, but as it is insisted that two propositions which it is asserted involve the meaning of the Employers' Liability Act arose upon the record and require to be decided, we come not to decide the propositions but to point out the absolute want of merit in the contention that they arose on the record for decision. The first contention is based upon the refusal of a request made by the defendant to take the case from the jury by a peremptory instruction. Granting that in its ultimate analysis the request involved an appreciation of the

Employers' Liability Act, nevertheless we are of opinion
that the absolute want of merit in the proposition in
view of the state of the proof caused the request intrin-
sically considered to be so unsubstantial and frivolous as
not to furnish any support for the contention that its re-
fusal raised a question concerning the interpretation of
the statute.

The second contention rests upon the assumption that
the court below affirmed a supposed action of the trial
court in erroneously instructing the jury that the effect of
the Employers' Liability Act was to abolish the doctrine
of assumption of risk. The proposition is thus stated in
the opening sentences of the argument of the plaintiff
in error: "The trial judge held that said Employers'
Liability Act abolished the defense of assumed risk so that
the construction of the act is here involved." A brief
statement of the condition of the record on the subject is
necessary to demonstrate the entire want of foundation for
the proposition. The plaintiff was a locomotive fireman,
and the controversy in the case was whether the personal
injury which he suffered was occasioned by the reckless and
negligent conduct of the engineer in moving the engine
under the circumstances disclosed by the proof. In its
general charge, the court had instructed the jury that the
plaintiff was entitled to recover if they believed the
testimony of the plaintiff which disclosed an unusual and
reckless movement of the engine by the engineer after he
had directed the fireman to descend from the engine to
ascertain whether there was a defect in its mechanism.
Coming then to consider special charges asked by the
respective parties, the court gave a charge requested by
the plaintiff as follows: "If you believe from the evidence
that the plaintiff was directed by the engineer Hunter to
get off the engine and examine the engine for defects, then
while said plaintiff was obeying the direction of Hunter,
it was Hunter's duty to look out for plaintiff and not move

the engine until he knew that plaintiff was in a position of safety." Upon the giving of this charge the defendant excepted as follows: "I want to take exception to that last statement on the ground that the fact that he moved up that engine if he was in a place of safety is not stated to be any cause of action in this case, and not involved in the pleadings, and he was not injured by virtue of it." And the counsel added: "We further except to the statement that the court made to the jury (evidently referring to the general charge) that if they believe the facts as stated by the plaintiff which left out of question the doctrine of assumed risk." In response to which the court said: "I understand that the doctrine of assumed risk is abolished by the Employers' Liability Act, in so far as it relates to cases wherein the servant is injured because of the negligence of any of the officers, agents or employés, etc., of the carrier and contributory negligence is modified so as that it no longer bars the right of action but goes in reduction of the amount of recovery. But you reserve your exception." From this statement it is evident that no charge whatever was given by the court concerning the assumption of risk and hence that no exception was or could have been taken to any such charge, and that the exception which was reserved concerned the special charge as to the conduct of the engineer and the portion of the general charge concerning liability if the testimony of the plaintiff as to the negligence of the engineer was believed, the exception as to the latter having been placed on the ground that the court had been silent as to assumption of risk. And it is equally clear that this view is not affected by taking into account the reply of the court to the comment of counsel. We say this because while the reply echoed the counsel's mistaken use of the words "assumed risk," by the qualification which it affixed to these words, it clearly conveyed that as the matters to which the excepted charge related purely concerned the common law

principles of fellow-servant and contributory negligence, they were controlled by the provisions of the statute. And this becomes certain when it is borne in mind that there was nothing in that portion of the general charge which was excepted to which in any possible view was relevant to the doctrine of assumption of risk. If there were room for the slighest doubt on the subject it is dispelled by the following considerations: (a) because the record contains no intimation of any request for instruction concerning assumption of risk made by the defendant; (b) because although the elaborate application for a new trial stated many alleged grounds, not the slightest reference was made to any supposed error committed with reference to the mistaken construction of the statute concerning assumption of risk which is now relied upon; (c) because while in the assignments of error made for the purpose of review by the Circuit Court of Appeals the special charge in connection with which the colloquy between court and counsel took place was referred to and error assigned concerning it for specified reasons, no reference was made to the alleged mistake which is now relied upon concerning the wrongful interpretation of the statute as to assumption of risk. It may indeed be inferred that in the argument in some form alleged error on such subject was called to the attention of the Circuit Court of Appeals since that court in its opinion considered and disposed of the subject by directing attention to the qualifying words used in the remarks of the trial judge, and to the fact that as assumption of risk was not at all involved in the testimony to which the charge related, no prejudicial error could have arisen. Certain is it however that in the assignments of error made for the purposes of review by this court no complaint whatever was made of the alleged mistake concerning the operation of the statute upon the doctrine of assumed risk.

Before coming to order the judgment of affirmance

which is the necessary result of what we have said, we briefly state the considerations which lead us to the conclusion that our duty is in 'directing' such judgment to award interest by way of damages for delay under the terms of the second paragraph of Rule 23.   It is manifest on the face of the record that the case was carefully and fully considered in both of the courts below.   In view of the ruling in the *King Case* and of what we have said concerning the contentions advanced to support the assertion that the interpretation of the statute was here involved, we think the conclusion that the writ of error was prosecuted only for delay is plainly justified and that a penalty by way of damages should be imposed.   The judgment below is therefore affirmed with five per cent. upon the amount of the judgment in addition to the interest allowed by law.

*Affirmed with interest and five per cent. damages.*