## SOUTHERN RY. CO. v. COOPER.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1917.)

No. 3005.

1. RAILROADS ⟨⟩376(3)—INJURIES ON TRACKS—LIABILITY.

Under the Tennessee Precautions Act (Shannon's Code 1896, § 1574, subsec. 4), a railroad company is liable for the death of one run down on its tracks, where the engineer did not look ahead or blow the whistle, though, had he looked, the engineer could have seen deceased 150 feet away, and could have blown the whistle, so deceased could have stepped out of danger.

2. COSTS ⟨⟩260(4)—FRIVOLOUS APPEAL—PENALTY.

Where the only excuse offered to defeat an action for the death of one run down by defendant's train was obviously insufficient, a penalty of 5 per cent. is properly imposed under rule 26, clause 2 (202 Fed. xvii, 118 C. C. A. xvii), upon affirmance of the judgment on error.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by George A. Cooper, administrator of the estate of W. H. Cooper, deceased, against the Southern Railway Company. There was a judgment for plaintiff, and defendant brings error. Affirmed, with penalty.

J. H. Anderson and L. D. Smith, both of Knoxville, Tenn., for plaintiff in error.

W. T. Kennerly, of Knoxville, Tenn., R. M. Harrell, of Jacksboro, Tenn., and Pickle, Turner, Kennerly & Cate, of Knoxville, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] While plaintiff's decedent was walking on the railroad track, he was struck and killed by a train approaching from behind. His administrator recovered, in the court below, judgment for the money value of his life. Upon motion for a new trial, the District Judge thought that all questions of error in the charge regarding the precise rules of liability were made immaterial by the conceded fact that the engineer, if he had been looking ahead, could and would have seen the deceased 150 feet away; that, in that event, the engineer could have blown the whistle, and the decedent could have stepped out of danger; but that the engineer did not look and did not sound the whistle. The District Judge thought that these facts demonstrated a clear liability, under the Tennessee Precautions Act (subsection 4, § 1574, Shannon's Code). With this conclusion, we agree.

[2] The only excuse alleged is that the fireman had seen the danger and had called to the engineer, and that the latter's attention was engaged in an unsuccessful effort to find out what the fireman's call had been, or in putting on the brakes without trying to sound the whistle. This excuse appears to us so obviously insufficient to justify nonaction, where the statute requires action, that we think it proper to impose a penalty of $200, 5 per cent. of the judgment below, and in addition to interest, under the terms of rule 26, clause 2 (202 Fed. xvii, 118 C. C. A. xvii). Southern Ry. v. Gadd, 233 U. S. 572, 581, 34 Sup. Ct. 696, 58 L. Ed. 1099.

The judgment is affirmed, with costs, and with this penalty.