## FORD MOTOR CO. v. CHAS. A. MYERS MFG. CO.

### No. 6250.

Circuit Court of Appeals, Sixth Circuit.

May 17, 1933.

H. B. McGraw, of Cleveland, Ohio (Henderson, Quail, McGraw & Barkley, of Cleveland, Ohio, Louis Colombo, of Detroit, Mich., and Norton McGiffin and Hubert H. Schneid-

er, both of Cleveland, Ohio, on the brief), for appellant.

Ellis Diehm, of Cleveland, Ohio (Klein & Diehm, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The petition as amended contained three paragraphs. The first asserted claim for a balance alleged to be due for a number of plated hub caps furnished to appellant by the appellee under an agreement evidenced by purchase orders. The second alleged wrongful cancellation of an order for 500,000 caps after the appellee had partially produced 114,000 of the number so ordered. The third alleged that appellant represented to appellee that it would take the output of appellee's factory for at least one year; that, relying on such representation, the appellee gave up other work and purchased equipment at a large expense to manufacture caps for appellant; that the equipment was useless for other purposes; and that, after thus equipping itself to work for appellant, the appellant refused to carry out its contract. The material averments of the three paragraphs were denied, and upon the trial the jury returned a verdict in favor of the appellee for $11,024.69 with interest under the first, $4,256 under the second, and $4,000 under the third. This is an appeal from a judgment entered on the verdict.

■ Of the several errors assigned we shall notice only those which merit discussion. The first is that it was error to overrule the motion to require the appellee to elect whether it would proceed on the second or third paragraph of its petition. In each it was alleged that appellant offered to take the appellee's entire output if it would gear up its plant to produce 10,000 caps a day. The contention is that the damages claimed in these two paragraphs grow out of a breach of the same contract, and that appellee should not be permitted to recover damages based on the cancellation of the order for the 500,000 caps and also those resulting from the refusal of appellant to take the output of its plant. Both paragraphs were inartfully drawn, and, while each alleged an agreement to take the appellee's entire output, the recovery sought in the second was damages for cancellation of a specific order for 500,000 caps as measured by the profits which the appellee would have made had the caps been taken and paid for, while that sought in the third was for losses

sustained in purchasing special equipment to gear up the plant for a production of 10,000 caps a day. It thus appears that the two paragraphs asserted claims for two separate elements of damage. Moreover, there was evidence to show that the order for the 500,000 caps could have been filled with the old equipment, but in order to increase production to 10,000 a day it was necessary to buy new equipment not usable in the production of other commodities. Whether the two elements of damage thus alleged in separate paragraphs grew out of the same or different contractual obligations seems to us immaterial in view of the course taken by the case in trial. The court charged the jury separately as to each paragraph, limiting the recovery under each to the damages therein claimed. We think there was substantial evidence of the two distinct elements, and in view of the court's charge and the form of the verdict, we cannot believe that the jury confused the two in making its awards.

■■ It is contended that the court erred in permitting the appellee to file an amended reply. The ground of this contention is that the reply changed the issue in the first paragraph of the petition from that of a suit based upon written contracts to a suit based upon oral contracts followed by written confirmations. As originally drawn this paragraph alleged that the "caps were furnished under an arrangement between the parties as evidenced by the defendant's purchase orders on their regular blanks." The proofs for appellee were to the effect that the agreement was in parol and as thus made was to be carried out by written orders. It is the established rule that the court may permit an amendment to be filed to conform to the proofs during the course of trial. The Tremolo Patent, 23 Wall. 518, 527, 23 L. Ed. 97; Bamberger v. Terry, 103 U. S. 40, 43, 26 L. Ed. 317; Southern R. Co. v. Gadd, 207 F. 277, 279 (6 C. C. A.), affirmed 233 U. S. 572, 34 S. Ct. 696, 58 L. Ed. 1099. We think there was no abuse of discretion in permitting the amendment to be filed in this case.

■ Again, it is contended that there should be no recovery under the third paragraph because the contract therein alleged falls within the statute of frauds, and for the further reason that appellee did not prove that it had prepared itself to produce 10,000 caps a day. On the latter point we think the evidence was sufficiently substantial to justify a finding that this precedent condition was performed. The other point was not made in the court below but is raised for the first time

in this court. The case was tried by the appellant as if the sole issue between the parties as to the claim asserted in this paragraph was whether such an arrangement was made. No exception was taken to that part of the charge permitting a recovery for a breach of the contract as alleged. Had the question now advanced been raised below, perhaps the appellee could have met the issue both in its pleadings and proofs. The appellant cannot be permitted to raise for the first time on appeal a question which, if raised below, might have been met by the other side.

The contention that the judgment on the award under the first paragraph should be reversed because there was some double billing of caps rejected by the appellant and re-shipped to it must also be denied. It is true that there was no showing of the exact number of these caps. In making its award the jury manifestly, however, took the evidence touching this re-billing into consideration, for it returned a verdict for an amount less than that claimed and shown in the appellee's statement of account. It may also be said that the appellant requested no charge from the court on this point and took no exception to the charge as given except on the ground that the court "failed to call to the attention of the jury that it was conceded by Myers that he had shipped back to us and that we had paid for all of the rejected hub caps." This exception should have been overruled because neither of the hypotheses upon which it was based was conceded or proved.

The judgment is affirmed.