**WELLS et al. v. UNITED STATES.**

**No. 8701.**

Circuit Court of Appeals, Sixth Circuit.

Nov. 14, 1941.

See, also, 6 Cir., 123 F.2d 507.

E. L. Hogsett, of Huntington, W. Va. (E. L. Hogsett, of Huntington, W. Va., on the brief), for appellants.

R. P. Marquis, of Washington, D. C., (Calvin Crawford of Dayton, Ohio, Loren G. Windom, of Columbus, Ohio, and Norman M. Littell, Charles R. Denny, Jr., Francis Hoague, and John P. Hearne, all of Washington, D. C., on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This case is before the court on appeal of appellants, Asa and Ida Wells, owners of a parcel of land referred to in the record as Tract No. 429, located in Gallia and Meigs Counties, Ohio, over which an easement was condemned by the United States of America for public use.

The questions presented are: first, whether the granting of appellants' motion for a continuance to a later term of the court operated to discharge a special panel of twenty-seven jurors which, in the preceding term, had been empaneled and sworn and had viewed the premises of the appellants along with those of others whose property was being taken, and where the appellants and other land owners had stipulated and agreed with the United States of America for the selection of the special panel of twenty-seven and, after said panel had viewed the premises, had agreed that each of the condemned parcels should be separately tried before twelve jurors selected from the twenty-seven; second, whether the lower court abused its discretion in overruling appellants' motion for a new trial on the ground that the award of the jury was inadequate under the evidence.

Section 286 of the Judicial Code, 36 Stat. 1166, 28 U.S.C.A. § 423, provides no person shall serve as a petit juror in any district court more than one term in a year. Section 8 of the Code, 36 Stat. 1088, 28 U.S.

C.A. § 12, provides when the trial or hearing of any cause in a district court has been commenced and is in progress before a jury, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of said court, but the court may proceed therein and bring it to a conclusion in the same manner and with the same effect as if another stated term of court had not intervened.

The ending of a term does not affect pending cases in federal courts. In our opinion the stipulation is binding on appellants and the swearing and empaneling of the jury pursuant thereto and its viewing of the premises, was a commencement of the cause, and its postponement to a later term did not operate to discharge the jury.

Appellants also urge that the uncontroverted evidence shows that prior to the construction of the dam in the Ohio River for which their land was taken, the land had a fair market value for agricultural purposes of from $3,713 to $7,455, and they also insist that the uncontroverted testimony shows the only way of ingress and egress to this land was over a ford across a creek near its confluence with the Ohio River, and that the construction of the dam raised the depth of the water over the ford and destroyed it. They also urge that the uncontradicted evidence shows the construction of a bridge across the stream to serve the land would cost $4,034 and therefore the jury was compelled to award them a sum of not less than $3,713, because the entire tract of land was made worthless by the erection of the dam.

There is evidence in the record that the ford was not the only or usual means of access to the tract of land in question, but that since 1921, appellants had used a pole bridge which they had erected for ingress and egress to the lands. There was testimony that this bridge was inadequate for the movement of heavy farm machinery and that it was in a bad state of repair. There was also evidence it could be used in its present state for all purposes, except for the movement of heavy machinery. There was also evidence the land was accessible by boat.

Appellants admit that if the land was accessible after the raising of the water level, the award of the jury was not inadequate. The court did not abuse its discretion in denying appellants' motion for a new trial. The judgment of the district court is affirmed.