## LYONS v. UNITED STATES.

### No. 8889.

Circuit Court of Appeals, Sixth Circuit.

Nov. 14, 1941.

Guy R. Martin, of Columbus, Ohio (Guy R. Martin, of Columbus, Ohio, and Edgar Ervin, of Pomeroy, Ohio, on the brief), for appellant.

R. P. Marquis, of Washington, D. C., (Norman M. Littell, of Washington, D. C., Calvin Crawford, of Dayton, Ohio, and Charles R. Denny, Francis Hoague, and Roger P. Marquis, all of Washington, D. C., on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This case is before the court on appeal of appellant, John E. Lyons, owner of a parcel of land referred to in the record as Tract No. 445, located in Meigs County, Ohio, over which an easement for public use was condemned by the United States of America.

The questions presented are: first, whether the granting of appellant's motion for a continuance to a later term of the court operated to discharge a special panel of twenty-seven jurors which, in the preceding term, had been empaneled and sworn and had viewed the premises of the appellant along with those of others whose property was being taken, and where appellant and other land owners had stipulated and agreed with the United States of America for the selection of the special panel of twenty-seven, and after said panel had viewed the premises, had agreed that each of the condemned parcels should be separately tried before twelve jurors selected from the twenty-seven; second, whether the court erred in peremptorily instructing the jury to return a verdict of $470 as compensation for the taking of the easement over appellant's lands; third, whether the judgment entered by the court was contrary to the verdict of the jury. The first point raised by appellant is without merit. Wells v. United States of America, 6 Cir., 123 F.2d 506, this day decided.

Appellant challenged the jury and moved its discharge and immediately after this challenge and motion to discharge was denied, the court proceeded with the trial of the cause. Thereupon, appellant and counsel refused to participate further in the trial. The United States then presented its evidence as to the fair market value of the easement taken over appellant's lands which evidence showed a maximum fair market value of said land of $470. No proof being offered by the appellant, the United States moved the court that the jury be instructed to bring in a verdict "in amount established by the proof herein, to wit, $470.00." The verdict of the jury read: "Compensation, $470.00; Damages, $————."

Thereupon, the court entered a judgment awarding compensation of $470 and damages, "none."

No objection was made by appellant to appellee's motion for a directed verdict, nor was objection made when it was received or the judgment entered. Five days later, appellant filed motion and grounds for a new trial in which there was no objection made to the court's instructions to the jury nor to the form of the judgment entered pursuant to the jury's verdict. These alleged errors are urged for the first time on this appeal. Questions of law which were not presented to nor passed on by the trial court cannot be raised for the first time on appeal. Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 38, 33 S.Ct. 202, 57 L.Ed. 393; Standard Oil Company v. Noakes, 6 Cir., 59 F.2d 897; Ford Motor Company v. Chas. A. Myers Mfg. Co., 6 Cir., 64 F.2d 942. The judgment of the district court is affirmed.