Johnnie Clifford McDOWELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15597.

United States Court of Appeals Sixth Circuit.

Sept. 17, 1964.

William K. Hoskins, Cincinnati, Ohio (Court appointed), for appellant.

Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn. (J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and BAILEY BROWN, District Judge.

BAILEY BROWN, District Judge.

Johnnie Clifford McDowell, movant-appellant, seeks a rehearing of his direct appeal of his conviction, or a new trial on his direct appeal without a rehearing, or a reversal of the Trial Court in refusing to hold a hearing on and in denying two motions to vacate the life sentence imposed upon him. It will be necessary, to define the unusual issues presented by this appeal, to recount the rather involved history of these proceedings.

McDowell was convicted in 1959 in the District Court for the Eastern District of Tennessee of transporting in inter-

state commerce a girl of eleven years of age who had been kidnapped by him and who had been raped by him before her liberation (Title 18 U.S.C. § 1201). At this trial he was represented by retained counsel. This conviction was affirmed on direct appeal to this Court. McDowell v. United States, 283 F.2d 867 (1960), cert. denied 366 U.S. 937, 81 S.Ct. 1664, 6 L.Ed.2d 848 (1961). On this direct appeal, McDowell was represented by court-appointed counsel.

McDowell filed in 1961 a motion to vacate sentence under Title 28 U.S.C. § 2255, charging that, on the direct appeal, the transcript had been falsified by the court reporter. Specifically, he charged that the testimony of the prosecuting witness had been deleted and a false account substituted, and he charged that an erroneous and prejudicial instruction to the jury had been deleted. The trial judge reviewed the transcript and, based on his memory of the proceedings at the trial, concluded that the charges of falsification of the transcript were without foundation and denied the motion to vacate the sentence without a hearing.

On appeal to this Court, this denial by the Trial Court was affirmed. 305 F.2d 12 (1962), cert. denied 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962), rehearing denied 371 U.S. 960, 83 S.Ct. 511, 9 L.Ed.2d 508 (1963). On this appeal, McDowell did not request and did not have counsel. In its opinion, this Court recognized that this alleged falsification of the transcript might justifiably not have been corrected by counsel on the direct appeal because the court-appointed attorney who represented McDowell here had not represented him at the trial and McDowell then did not have a copy of the transcript, and therefore they would not have known of the falsification of the transcript if in fact it had been falsified. This Court then went on to consider whether the Trial Court should have held a hearing on the charges contained in the motion; it concluded that, as the trial judge had been able to satisfy himself from memory that the transcript was not falsified, a hearing

was not necessary and accordingly affirmed the action of the Trial Court.

Before this Court now for review is the denial of a second motion to vacate sentence made in the Trial Court, this time under Rule 35 of the Rules of Criminal Procedure. (We are treating this motion as having been made, as it should have been made, under Title 28 U.S.C. § 2255.) The Trial Court likewise denied this motion without a hearing. It is not necessary to set out here all the grounds contained in this second motion to vacate because except for the contention that the Trial Court erred in refusing to hold a hearing on the prior motion to vacate, they have been abandoned by court-appointed counsel representing McDowell on this appeal. These other grounds are obviously without merit and should have been abandoned.

On appeal in this Court, McDowell, through his able and ingenious court-appointed counsel, broadens his attack beyond the contentions made in the motion in the Trial Court. As a basis for the broadened attack, counsel now brings to this Court's attention the fact that the trial transcript does not contain the proceedings in connection with the selection of the jury and does not contain the argument of counsel to the jury and that there is actually a gap or skip in the page numbers of the transcript at the point in the transcript where the argument would have appeared. This fact has never been called to the attention of the Trial Court. It is on the incompleteness of the transcript and on the possibility of prejudicial error in the argument to the jury of Government counsel that McDowell now seeks relief in this court. Counsel does not represent to the Court that the argument to the jury of Government counsel was in fact improper and prejudicial, though he does state that McDowell has so advised him, and does not represent that any such error was preserved. He merely represents that the argument may have been improper and prejudicial and that this error may have been preserved.

Counsel urges upon this Court several proposals. We deal with them in the chronological order of the proceedings.

The first proposal is that we treat this present appeal as in the nature of a *coram nobis* proceeding directed to our judgment affirming the conviction on the direct appeal and, so treated, grant certain relief. In this connection, it is pointed out that Title 28 U.S.C. § 753 (b) requires that the court reporter "* * * record * * * all proceedings in criminal cases had in open court * * *", and further that this Court heard the direct appeal without the entire record before it. Accordingly, it is argued that the missing parts of the record should be supplied if possible and that this Court rehear the direct appeal on the complete record. Alternatively, it is argued that, if the missing parts of the record cannot be supplied, we should without a rehearing grant a new trial.

It is true that the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) recognized that in a proper case a federal court may entertain a writ of error *coram nobis*. This opinion is not very explicit as to what constitutes a proper case, but it does state at page 507 and at page 510, 74 S.Ct. at page 250:

"The writ of coram nobis was available at common law to correct errors of fact. It was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment, and was used in both civil and criminal cases. While the occasions for its use were infrequent, no one doubts its availability at common law."

* * * * * *

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through his extraordinary remedy only under circumstances compelling such action to achieve justice."

■ ■ A compelling reason why this Court cannot treat this appeal as a *coram nobis* proceeding directed to our affirmance of the conviction on the direct appeal is that, simply stated, this appeal is *not* a writ of error *coram nobis*. It is, on the contrary, an appeal of the action of the Trial Court in refusing to hold a hearing on and in denying the second motion to vacate sentence. Moreover, even if we could so treat this present appeal, it is clear that *coram nobis* will not lie. First, the omissions from the transcript were obvious on the face of the record at the time the direct appeal was heard and could have been corrected at the instance of McDowell's counsel at that time. Secondly, there is no showing here, by affidavit or otherwise, that there is properly preserved and prejudicial error that would be reflected if the missing parts of the transcript were supplied.

The next proposal is that, treating this appeal as in the nature of a *coram nobis* proceeding directed to our affirmance of the Trial Court in denying the prior motion to vacate sentence, we rehear that appeal and reverse the Trial Court and order a hearing on that motion. The ground for *coram nobis* relief asserted here is the fact that McDowell was not represented by counsel on that appeal and that Government counsel was allowed to make oral argument in support of the Government's position. It is also asserted, as an additional reason why *coram nobis* will lie, that the record on that appeal was incomplete in the particulars heretofore set out. It is then asserted that we should, having granted a rehearing of that appeal, reverse the Trial Court because the transcript, being incomplete, does not carry a presumption of correctness and that a hearing in the trial court is therefore necessary to determine whether the court reporter did falsify the record with respect to the testimony of the prosecuting witness and the instructions to the jury.

Again, a compelling reason why this Court cannot treat this present appeal

as a *coram nobis* proceeding directed to our affirmance of the Trial Court in denying without a hearing the prior motion to vacate sentence is that, simply stated, this appeal is *not* a writ of error *coram nobis*. It is, on the contrary, an appeal of the action of the trial court in refusing to hold a hearing on and in denying the second motion to vacate sentence. Moreover, even if we could so treat this present appeal, it is clear that *coram nobis* will not lie.

■ Appellant, in asserting that *coram nobis* would lie, as stated, first contends that he was deprived of a fundamental right, even though he had not requested court-appointed counsel, when the Government was allowed to argue orally that appeal. In answering this contention, the Government has furnished us with a copy of the Solicitor General's brief in the Supreme Court at the time appellant petitioned for certiorari. In his petition for certiorari, appellant had not relied on the fact that the Government had been allowed to argue orally on his appeal in this court. The Solicitor General, however, in his brief, brought this fact to the attention of the Court but argued that this did not call for a remand. The Solicitor General distinguished Elchuk v. United States, 370 U.S. 722, 82 S.Ct. 1574, 8 L. Ed.2d 802 (1962) and Paccione v. Hertiage, 371 U.S. 17, 83 S.Ct. 61, 9 L.Ed. 2d 50 (1962) on the ground that in both of these cases the petitioners had requested the Court of Appeals that they be granted oral argument or alternatively that their cases be submitted without argument. No such request had been made by appellant in this Court. The Solicitor General also argued that oral argument would not have affected the result in this Court, the issue being one of fact and not of law. The Supreme Court, with the Government's oral argument in this Court having been called to its attention, denied certiorari. 371 U.S. 927, 83 S.Ct. 296 (1962), rehearing denied 371 U.S. 960, 83 S.Ct. 511 (1963).

As stated, appellant asserts that another reason why a writ of error *coram nobis* would lie, if directed to our affirmance of the denial of the prior motion to vacate, is that the transcript of the trial was incomplete on that appeal. The answer to that contention is, again, that the incompleteness of the transcript was apparent on its face. This fact was not called to the attention of this Court in spite of the fact that McDowell though not represented by counsel, had by then had a copy of the transcript for many months.

Even if we could treat this present appeal as being in the nature of a *coram nobis* proceeding directed to our affirmance of the denial of the prior motion to vacate sentence, and even if we were of the opinion that *coram nobis* would lie and in effect reheard that prior appeal, we would reaffirm our prior decision.

■ On this question, appellant argues that we now should order a hearing in the Trial Court of the prior motion to vacate sentence, which was based on alleged falsification of the record, for the reason that, the transcript being incomplete, the transcript carries no presumption of correctness. The answer to this argument is that this Court did not primarily rely on any presumption of correctness in holding that a hearing was not necessary. We simply held that a hearing was not necessary because the trial judge had reviewed the transcript and, based on his memory of the trial proceedings, was able to conclude that the charges of falsification of the transcript were without foundation. Moreover, the omitted parts of the transcript—the selection of the jury and argument to the jury—are not related to the parts of the trial in connection with which error was complained of in the prior motion to vacate sentence: the falsification of the testimony of the prosecuting witness and the instructions to the jury.

We come now to the last proposal advanced on this appeal. As stated, this is an appeal from a denial of a hearing on and a denial of the second motion to vacate the sentence. As also stated, counsel for appellant has abandoned, and

properly so, all grounds set out in the motion except the contention that a hearing should have been held on the prior motion having to do with falsification of the transcript. We have already dealt with that contention.

■ Counsel asserts that we should reverse the Trial Court and order a hearing on this second motion to vacate. As grounds for reversal, counsel again relies on the incompleteness of the transcript. The incompleteness of the transcript, however, was not asserted in this motion, nor was it called to the attention of the Trial Court. Counsel for appellant recognizes that, as this question of the effect of the incompleteness of the record was not before the Trial Court on the motion, and was for the first time raised in this Court on this appeal, this Court could hardly on this ground reverse the Trial Court and order a hearing. This is no doubt the reason why counsel, by the *coram nobis* route, sought here to get a rehearing of the direct appeal or a new trial without a rehearing of the direct appeal and sought to get a rehearing here on the appeal on the prior motion to vacate. We could not and will not reverse the Trial Court on a question not presented to the Trial Court. Lyons v. United States, 123 F.2d 507 (C.A. 6, 1941).

■ Even if we could entertain this ground for reversal, we would not reverse for the reason that the incompleteness of the transcript was apparent on its face and could have been corrected by counsel for appellant on the direct appeal. Appellant cannot be heard to assert, as a ground for vacating the sentence, any error that could and should have been corrected on the direct appeal. McCreary v. United States, 249 F.2d 433 (C.A. 5, 1957), cert. denied 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820 (1958).

It results that the relief by writ of error *coram nobis* sought here is denied and the judgment of the Trial Court denying a hearing on and denying the second motion to vacate sentence is affirmed.

This Court desires to express its appreciation to court-appointed counsel, Mr. William K. Hoskins, of the Cincinnati bar, for his capable representation of appellant in this court.