Thomas Richard **HART**, Petitioner,

v.

Dr. J. D. **HARRIS**, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 14765-4.

United States District Court
W. D. Missouri, W. D.

May 6, 1964.

Thomas Richard Hart, pro se.

F. Russell Millin, U. S. Atty., by Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

Petitioner, an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, has filed a petition for a writ of *habeas corpus* together with an application for leave to proceed *in forma pauperis*. Petitioner was granted leave to file the petition and to proceed *in forma pauperis* and respondent was ordered to show cause why a writ should not issue. A response has been filed and petitioner has filed an "answer" thereto.

The following facts appear conclusively from the records on file herein.

On December 19, 1962, the Grand Jury for the United States District Court for the Southern District of California returned an indictment in one count charging petitioner with escape on October 26, 1962, from custody and confinement at the Federal Correctional Institute at Lompoc, California, in violation of Section 751, Title 18 U.S.C.A.

At the time of petitioner's escape there remained a period of slightly more than one month to be served on the sentence imposed on his previous conviction for violation of Title 18 U.S.C.A. § 2312, the Dyer Act.

After his escape petitioner was retaken into federal custody on November 23, 1962. Petitioner appeared before the District Court on December 26, 1962, and entered a plea of not guilty to the escape charge. Trial on the charge was set for January 8, 1963. On January 3, 1963, petitioner filed a Notice of Motion to Dismiss Indictment for "unnecessary delay in the issuance of the indictment, undue delay in arraignment, failure to be taken before a committing magistrate, and for

want of prompt initiating of the Federal prosecution."

The Court denied this motion on January 7, 1963. Thereupon petitioner changed his plea to guilty. On January 23, 1963, after a pre-sentence investigation and report, petitioner was committed by the Court to the custody of the Attorney General for treatment and supervision pursuant to Section 5010(b), Title 18 U.S.C.A., until discharged by the Federal Youth Corrections Division of the Board of Parole as provided by Section 5017(c) of Title 18 U.S.C.A. The Court recommended that petitioner be furnished with any needed psychiatric treatment.

On February 14, 1963, petitioner was delivered to the Lompoc, California, Federal Correctional Institute for commitment on the conviction and sentence for escape.

On March 26, 1963, and again on April 1, 1963, the sentencing court received letters from petitioner which were treated as informal applications to modify sentence and denied on March 26, 1963, and April 1, 1963, respectively.

On June 29, 1963, the Bureau of Prisons entered an order transferring the petitioner to the Medical Center for Federal Prisoners at Springfield, Missouri. Petitioner arrived at the Medical Center on July 26, 1963, and has remained there until the present time.

Petitioner's contentions, summarily stated, are:

(1) Upon his recapture after escaping from the Federal Correctional Institute at Lompoc, California, as a punishment for escaping, he was first put in solitary confinement then tried and sentenced for the crime of escape from custody under Section 751 of Title 18 U.S.C.A., and that he was therefore twice put in jeopardy for the same offense;

(2) He was denied a speedy trial in the United States District Court for the Southern District of California on the charges contained in the indictment of December 19, 1962;

(3) Upon commitment after the judgment entered on his plea of guilty, he was denied needed medical and psychiatric attention and that " * * * it was only after my repeated request that such attention was forthcoming."

▮ If petitioner's first or "double jeopardy" contention were decided on the merits, it would seem that relief would have to be denied on the authority of Rush v. United States (C.A. 5) 290 F.2d 709. And if the second contention of denial of a speedy trial were decided on the merits, it also would have to be denied for the reason that the two month "delay" between the time petitioner was taken into custody and the time of judgment and commitment was, under the circumstances disclosed by the record in this cause, patently insufficient to constitute a denial of speedy trial.

However this Court is of the opinion that it should not, in the exercise of its discretion, reach the merits of petitioner's first and second contentions.

Section 2255 of Title 28 U.S.C.A. provides that:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

That section further provides that:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it

also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

And as stated in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232, l.c. 244 at n. 40:

"If Section 2255 had not expressly required that the extraordinary remedy of habeas corpus be withheld pending resort to established procedures providing the same relief, the same result would have followed under our decisions. [Citing cases.]"

On the record in this case it would be virtually impossible to show that petitioner's remedy by motion under Section 2255 is inadequate or ineffective. This is particularly true in light of the recent opinion of the United States Supreme Court in the case of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, holding that conventional notions of finality, *res judicata* and discretionary refusal to grant a hearing are not applicable in 2255 cases, and that the remedy provided by Section 2255 is as broad as *habeas corpus*. Therefore the Section 2255 remedy is adequate and available, and has not been exhausted or frustrated.

From the language of petitioner's third contention, denial of needed medical and psychiatric care, it is clear that he does not allege that he is presently being denied care by prison authorities. He is, rather, complaining of an alleged denial of needed medical and psychiatric treatment in the past, pointing out that this alleged mistreatment has been cured through his own efforts. Thus petitioner's third contention is moot and constitutes no basis for *habeas corpus* relief at the present time. In so holding it is recognized that *habeas corpus* may be employed to prevent denial of ordinary and necessary medical care. Austin v. Harris (W.D.Mo.) 226 F. Supp. 304, and cases therein cited at page 309.

It is therefore

Ordered that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, denied without prejudice on grounds one and two for the reason that there has been no showing that petitioner's Section 2255 remedy is either inadequate or ineffective. It is further

Ordered that the petition be, and it is hereby, denied without prejudice as moot on ground three.