Eugene KIRKWOOD, Petitioner,

v.

Dr. J. D. HARRIS, Warden Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 14887-4.

United States District Court
W. D. Missouri, W. D.
May 26, 1964.

Eugene Kirkwood, pro se.

F. Russell Millin, U. S. Atty., by William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

On March 20, 1964, the petitioner herein, an inmate of the Medical Center for Federal Prisoners, Springfield, Missouri, filed a petition for writ of *habeas corpus* in this Court seeking his immediate release from custody.

The petition alleged:

1. That petitioner was presently insane, that he was insane at the time of the offense, that his insanity was of long standing, and that therefore his commitment was unconstitutional and he should

be released under the provisions of Title 18 U.S.C.A. § 4248, for transfer to a Veterans Administration hospital or a neuro-psychiatric hospital.

2. That petitioner had been mistreated at the Orleans Parish Prison prior to his transfer to the Medical Center.

From the face of the petition it was also apparent that a question existed as to whether petitioner had ever been indicted by a grand jury for the pending charge.

An order to show cause was filed March 25, 1964, and a response thereto was filed April 6, 1964. Petitioner filed a "Reply" on April 8, 1964, and an "Addendum to reply" on April 9, 1964.

The facts as they appear from the record in this cause are as follows.

On October 28, 1963, a complaint was filed before the United States Commissioner for the Eastern District of Louisiana charging the petitioner with violation of Title 18 U.S.C.A. § 2314. On December 3, 1963, the United States District Court for the Eastern District of Louisiana issued an order causing petitioner to be examined as to his mental competency by a court-appointed psychiatrist. On December 23, 1963, the psychiatrist reported to the Court that petitioner was then unable to assist counsel in his own defense or to "substantially understand the nature of his situation." On January 29, 1964, the Court ordered petitioner committed to the custody of the Attorney General or his authorized representative until such time as he should be found competent to stand trial. While the motion of the United States Attorney to which this order was appended sought petitioner's commitment " * * * in accordance with provisions of Title 18, United States Code, Section 4244, committing the defendant * * * until such time as he should be found competent to stand trial," (the order of commitment does not specify under what section petitioner was committed) it is readily apparent that it was the intention of the committing Court to commit petitioner under Section 4246 of Title 18 U.S.C.A.

Petitioner was delivered to the Medical Center by a United States Marshal on February 3, 1964.

Petitioner is entitled to no relief on the first ground set forth in his petition, i. e., that his commitment is unconstitutional because his mental infirmity is of long standing.

Petitioner's confinement is authorized by Title 18 U.S.C.A. § 4246:

"Whenever the trial court shall determine in accordance with sections 4244 and 4245 of this title that an accused is or was mentally incompetent, the court may commit the accused to the custody of the Attorney General or his authorized representative, until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law."

The constitutionality of this and related sections of Chapter 313 of Title 18 U.S.C.A., as applied to an accused suffering from "more than temporary" or "permanent" mental disability is firmly established. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Royal v. United States (C.A. 10) 274 F.2d 846.

Petitioner's confinement, about four months, has not been of such length as to entitle him to release under a finding "that federal authority to prosecute has now been irretrievably frustrated." Greenwood v. United States, supra, 350 U.S. at 375, 76 S.Ct. at 415, 100 L.Ed. at 419; Sturdevant v. Settle (W.D. Mo.) 192 F.Supp. 534.

In light of petitioner's history of serious mental illness, if his mental condition is probably permanent, the petitioner should be transferred to an appropriate state or other suitable institution under the provisions of Title 18 U.S.C.A. § 4248 as soon as the transfer can be legally and safely accomplished.

Petitioner's second contention is that he was mistreated while held at the Orleans Parish Prison between his arrest on the pending charge and his commitment to the Medical Center. Petitioner does not contend that he is presently being mistreated in any way. This complaint forms no basis for the issuance of a writ of *habeas corpus* at the present time. See Hart v. Harris (W.D. Mo.) 228 F.Supp. 853.

Although the point was not specifically raised on petitioner's initial petition to this Court, the Court's Order to Show Cause directed respondent's attention to the fact that petitioner, committed to the Medical Center under Section 4246 of Title 18 U.S.C.A., until such time as he should be competent to stand trial on the charges pending against him, had apparently never been indicted by a grand jury.

This question was raised for the following reasons:

1. Inordinate delay between arrest and indictment may, under appropriate circumstances, constitute a violation of the Fifth Amendment to the United States Constitution. Kurnava v. United States (W.D. Mo.) 222 F.Supp. 822, l. c. 825.

2. Inordinate delay between arrest and indictment may, under appropriate circumstances, constitute a violation of the Sixth Amendment to the United States Constitution. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed. 2d 1041, l. c. 1049; Frye v. Settle (W.D. Mo.) 168 F.Supp. 7, l. c. 15.

3. Chapter 313, Title 18 U.S. C.A., contemplates that an indictment be returned before, or, at the least, within a reasonable time after, a defendant found mentally defective is committed under Section 4246 of that Chapter and Title. Frye v. Settle, supra, 168 F.Supp. at 13.

On May 7, 1964, the respondent, through his attorney, furnished the Court with a signed and attested copy of an "Indictment for Interstate Transportation of an Implement Used in Forging a Security," returned against petitioner by the Grand Jury for the Eastern District of Louisiana.

This indictment is undated. However, the Clerk's attestation is dated April 10, 1964, so it is presumed that the indictment was returned on or prior to April 10, 1964.

Since the petitioner herein was ordered committed to the Springfield Medical Center under Section 4246 on January 29, 1964, and a true bill was returned against him on or before April 10, 1964, the Court finds that, under all the circumstances appearing to the Court, the delay between petitioner's arrest, incarceration, commitment under Section 4246 and his indictment was neither inordinate nor unreasonable.

It is therefore

Ordered that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, denied without prejudice to claims for relief which may be appropriate in the future.