Lee Wayne **HAYNES**, Petitioner,

v.

Dr. Pasquale J. **CICCONE**, Director, U. S. Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 15633–3.

United States District Court
W. D. Missouri, W. D.

Dec. 6, 1965.

Lee Wayne Haynes, pro se.

F. Russell Millin, U. S. Atty., by John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, Chief Judge.

This is a petition for a writ of habeas corpus filed by a convict confined at the United States Medical Center for Federal Prisoners at Springfield, Missouri.

The petitioner mistakenly designated the United States of America respondent in this cause. On the initiative of the Court, under Rule 21, F.R.Civ.P., the United States of America was dropped

as a party, and Dr. J. D. Harris, Warden, was added as a party respondent in this cause. Dr. J. D. Harris has been succeeded by Dr. Pasquale J. Ciccone, with the title "Director of the United States Medical Center". On the initiative of the Court, under Rule 25, F.R. Civ.P., Dr. Pasquale J. Ciccone is hereby substituted for Dr. J. D. Harris as party respondent in this cause.

Petitioner states that he pleaded guilty to a charge of "Forgery and Interstate Transportation of Forged Securities, (one $20 American Express Traveler's check)" and was sentenced by the United States District Court for the Northern District of Illinois, Eastern Division, on December 13, 1963, "to serve 6 years under the Federal Youth Corrections Act section 5010(B), Title 18, United States Code". Petitioner further states that no appeal was taken from this judgment and sentence.

Thereafter, petitioner filed a motion to vacate, set aside or correct the judgment and sentence under Section 2255 of Title 28, U.S.C.A.

Petitioner has filed a certified copy of the record of the United States District Court for the Northern District of Illinois, which shows that on December 11, 1964, the petitioner was granted an evidentiary hearing by the committing court. In the supplement to the questionnaire form of petition for habeas corpus filed in this case, petitioner states that he had "refused another of the Court's hand-picked attorneys to conduct the hearing for him". After the evidentiary hearing, petitioner's motion to vacate under Section 2255 was denied by the committing court.

A copy of the record in the committing court submitted by petitioner shows that on December 29, 1964, petitioner was denied leave to appeal in forma pauperis from the denial of his motion under Section 2255 and that his application for provision of a free transcript of the record of the hearing was denied by the committing court. A certified copy of the record of the United States Court of Appeals for the Seventh Circuit submitted by petitioner shows that on March 25, 1965, a motion filed by counsel for the petitioner for leave to appeal in forma pauperis was considered by the Court of Appeals and denied.

Petitioner states in his petition for habeas corpus that he attempted to file a petition for writ of certiorari in the Supreme Court of the United States, but the Clerk refused to file the petition because it did not substantially comply with the Supreme Court Rule which governs proceedings in forma pauperis in the Supreme Court.

Briefly summarized, the grounds petitioner states in the case at bar for the granting of the writ are the following:

(1) Coercion was used to obtain a confession from petitioner, which confession was considered by the Judge in imposing sentence.

(2) Petitioner's bail was excessive and the inability to make bail caused him to come to court physically and mentally unable to protect his rights and assist in his defense.

(3) Petitioner was denied the effective assistance of counsel.

(4) Petitioner was denied a fair and speedy trial.

(5) The Judge who sentenced petitioner was prejudiced against him.

(6) Petitioner's guilty plea was entered without petitioner's being informed of the maximum possible sentence.

(7) The Federal Youth Corrections Act is "discriminatory, illegal, and unconstitutional".

Petitioner states that each of the above grounds was presented to the committing court in his motion under Section 2255 of Title 28, U.S.C.A.

Section 2255 of Title 28, U.S.C.A., in part, reads as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for

relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner states that his motion under Section 2255 was inadequate and ineffective to test the legality of his detention for the following reasons:

(1) The trial Judge was prejudiced against petitioner and harassed him throughout the hearing with constant references to his having refused a court appointed lawyer to assist him at the hearing, with requests that petitioner "hurry his case", and with statements that if petitioner " 'did not watch himself' he would find himself defending against another charge".

(2) The harassment by the trial Judge rendered petitioner unable to effectively present his case.

(3) Petitioner was denied leave to appeal in forma pauperis from the denial of his Section 2255 motion by the sentencing court and the Court of Appeals for the Seventh Circuit.

(4) An appeal was taken but dropped because petitioner could not pay for printed briefs.

(5) Petitioner attempted to file a petition for a writ of certiorari in the Supreme Court, but it was not accepted for filing by the Clerk of the Supreme Court because "he says it isno (sic) good and doesnt (sic) meet the requirements of Rule 53".

(6) The petition for a writ of certiorari was the best of which petitioner, a layman, was capable.

 Petitioner's claim that a motion under Section 2255 was inadequate and ineffective to test the legality of his detention is a legal conclusion of the petitioner, which is contrary to the controlling law. It has been established by a recent controlling decision of the Supreme Court of the United States that the denial of a prior application for relief under Section 2255 is of controlling weight only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, and (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. In the same case it was held that conventional notions of finality of litigation have no place where liberty is at stake and any infringement of constitutional rights is alleged. Sanders v. United States, supra, l.c., 373 U.S. 8, 83 S.Ct. 1073, 10 L.Ed.2d 157. Applying these principles, it is noted, first, that this is not a case in which the petitioner for habeas corpus has failed to apply for relief by motion under Section 2255 nor, assuming petitioner's statement to be true, is it a case in which the grounds asserted in the case at bar were not asserted in the prior motion under Section 2255, such as the case of Gajewski v. Stevens (C.A.8) 346 F.2d 1000, l.c. 1002.

On the contrary, assuming petitioner's statements to be true, this is a case in which the petitioner seeks to establish that the remedy by motion under Section 2255 is inadequate or ineffective. In this case petitioner seeks to establish this by stating that, while he was accorded an evidentiary hearing, the hearing was not fair, that he was denied leave to appeal in forma pauperis from the adverse ruling on his motion by the committing court and the Court of Appeals of the Seventh Circuit, and that he was denied the right to file a petition for writ of certiorari in the Supreme Court.

 First, since the ruling in the Sanders case, it cannot be successfully maintained that proceedings under Section 2255, lawfully conducted, are inadequate or ineffective to test the legality of the detention of a convict. Only if it is assumed that every movant under Section 2255 is entitled to have his sentence vacated can it be established that the procedure is inadequate and ineffective in this case.

■ The circumstances of this particular case, as stated by the petitioner, should now be considered. On the issue of legality of the detention of the petitioner there are three principal alternatives, as follows: (1) his detention is based upon a legal conviction and a legal sentence, (2) his detention is based upon a legal conviction and an illegal sentence which should be corrected; and (3) his detention is based upon an illegal conviction and consequently an illegal sentence. These were the questions for decision by the committing court in the prior proceeding by petitioner under Section 2255. The committing court in denying the motion in its entirety found, of necessity, after the evidentiary hearing, that the petitioner was being detained upon a legal conviction and a legal sentence.

■■ If the hearing on the motion under Section 2255 was conducted fairly and the decision rendered in accordance with law, this is all that the petitioner is entitled to under Section 2255. This was apparently the conclusion of the committing court in denying leave to appeal in forma pauperis and the conclusion of the Court of Appeals of the Seventh Circuit in denying leave to appeal in forma pauperis. Under the circumstances, assuming a legal hearing and decision upon the petitioner's motion under Section 2255, it would be beyond the jurisdiction of this Court to undertake to review the lawful actions of the District Court and the Court of Appeals of the Seventh Circuit. Section 2244 of Title 28, U.S.C.A. provides as follows:

"§ 2244. Finality of determination

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determin-

ed, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

This section announced principles which are applicable to motions under Section 2255, as well as to habeas corpus. In Sanders v. United States, supra, it is made clear that the procedure under Section 2255 is a remedy exactly commensurate with that which had previously been available by habeas corpus. Consequently, it would be error for this Court to undertake to review the actions and decisions of the committing court in the proceedings on petitioner's motion under Section 2255.

■ On the other hand, assuming for the purposes of further discussion of this point that the hearing on petitioner's motion was not a full and fair hearing resulting in reliable findings, the question arises, how is petitioner to secure a full and fair hearing resulting in reliable findings? The answer is found in the principles of Sanders v. United States, supra, read in the light of the companion cases, Townsend v. Sain, 372 U.S. 393, 83 S.Ct. 745, 9 L.Ed.2d 770, and of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. If the hearing on petitioner's prior motion under Section 2255 was not a full and fair hearing resulting in reliable findings, successive applications for relief under Section 2255 may be filed by the petitioner in the committing court, the District Court of the Northern District of Illinois, and rulings thereon appealed until a full and fair hearing and a lawful decision has been rendered, and until the ends of justice would not be served by reaching the merits of a subsequent application. This is explicitly provided in the guide lines laid down in Sanders v. United States, supra, wherein it is stated at pages 16 and 17 of 373 U.S., page 1078 of 83 S.Ct.:

"(3) Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground. If factual issues are involved, the ap-

plicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair \* \* \*."

■ Unless there are extraordinary and exceptional circumstances shown, which are not present in this case, this Court should not undertake to review in a petition for habeas corpus the actions of a coordinate district court of the United States and of the Courts of Appeal of another Circuit and of the Supreme Court of the United States.

■ In this cause, the petitioner requested a jury trial, which would be inappropriate in any event. He has further requested the appointment of counsel, which is not appropriate under the circumstances.

For the reasons herein stated, it is hereby

Ordered that the petition for habeas corpus herein be, and the same is hereby, dismissed without prejudice. It is further

Ordered that petitioner's requests for appointment of counsel and for a jury trial be, and they are hereby, denied.