**UNITED STATES of America**

v.

**Quinton R. ADAMS, Defendant.**

**No. M. 11–188.**

United States District Court
S. D. New York.

Feb. 11, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States; Richard Ben-Veniste, Asst. U. S. Atty., Southern District of New York, of counsel.

Bruce J. Ennis, Jr., New York City, for defendant.

METZNER, District Judge:

The government has moved pursuant to 18 U.S.C. § 4244 for a hearing on the question of the accused's mental competency to understand the proceedings against him. In turn, the accused has moved to postpone the hearing until a grand jury has returned an indictment against him.

Adams was arrested on October 3, 1968 on the charge of having committed a felony, to wit, the transportation in interstate commerce of a threat to injure Ramsey Clark, the then Attorney General of the United States, and others. 18 U.S.C. § 875(c). As the result of information brought to the attention of the United States Attorney, a motion was made and granted that the accused submit to a psychiatric examination. After delays attributable to actions of the accused, an examination was finally conducted and the report submitted dated January 14, 1969.

This report came to the conclusion that because of the mental condition of the accused he "is unable to understand the charge against him and to assist in his own defense. It is furthermore stated that the defendant was unable to know or appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Based on this finding, the instant motion was made.

The procedure followed is in accord with the provisions of § 4244. The accused contends, however, that unless there is to be a trial his mental competency is irrelevant, and until there is an indictment there can be no trial.

The argument proceeds on the theory that, despite the use of the words "Whenever after arrest," etc., the section speaks of filing the motion "with the trial court in which the proceedings are pending" and that there can be no "trial court" until an indictment has been found by a grand jury. It is further argued that the hearings could not be ordered by any federal court, but only by the specific trial court which will try the substantive issues. This technical strait-jacket analysis of the section misses the point and spirit of the section.

From the moment that a person is arrested, he is faced with criminal proceedings. For example, in this very case the accused makes a point of the fact that he has not yet had a preliminary hearing. Such a procedure would be meaningless if he is unable to understand the charges against him or be helpful to counsel in his defense. It is for this very reason that the issue of competency be determined as soon as it is noted. The word "proceedings" has this broad scope to embrace the very fact situation here.

In United States v. Knohl, 379 F.2d 427, at page 435 (2d Cir. 1967), the court said:

"* * * § 4244 may be invoked by the accused or by anyone on his behalf, and a duty rests upon both the prosecution and the court to comply with it, once it has come to their attention that there is reasonable ground to believe that the accused is

mentally incompetent to the degree described in the statute."

In Frye v. Settle, 168 F.Supp. 7 (W.D. Mo.1958), the petitioner complained that he was denied due process because after arrest he was not brought immediately before a commissioner where the § 4244 hearing should have taken place. The court held that there was no denial of due process. The petitioner, having been arrested pursuant to a complaint in which he was charged with a federal offense committed within the jurisdiction of the district court, was properly given his hearing in that court. The district court is the only judicial authority under the section having power to conduct the hearing.

Of course, if a commitment follows after a § 4244 hearing, the government is not relieved of the responsibility of promptly proceeding to present the case to a grand jury. The commitment after such a hearing is governed by § 4246 and is a temporary one, attendant on various stated circumstances. The accused is committed to the custody of the Attorney General until it is determined that he is competent to stand trial on the charges against him, or until the charges are disposed of according to law, and if a permanent condition of incompetency is present, he may be transferred to the care and custody of the state of his residence. The indictment procedures must be followed in order for the court to determine appropriate final custody. Frye v. Settle, supra; Kirkwood v. Harris, 229 F.Supp. 904 (W.D. Mo.1964).

The accused finally argues that commitment prior to indictment would be unconstitutional because it would be violative of due process. The answer to this contention is found in United States v. Knohl, supra, where the court said, 379 F.2d at page 435, "Moreover, § 4244 was not enacted in contravention of due process but in aid of it."

The motion for a hearing pursuant to § 4244 is granted. The cross-motion for a stay of hearing is denied.

Settle order.