William **CAGLE, Jr.**, Petitioner,

v.

Dr. P. J. **CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 16995–3.

United States District Court
W. D. Missouri, W. D.

May 1, 1969.

William Cagle, Jr., pro se.

Frederick O. Griffin, Jr., St. Joseph, Mo., for respondent.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a convicted inmate of the United States Medical Center for Federal Prisoners, Springfield, Missouri, seeks leave to file in forma pauperis and a writ of federal habeas corpus to invalidate his federal conviction for second degree murder. Leave to proceed in forma pauperis was granted by the show cause order entered herein on January 20, 1969.

Petitioner states that, after a plea of not guilty, he was convicted by a jury of the offense of second degree murder in the United States District Court for the District of Columbia; that on July 21, 1952, he was sentenced upon that conviction to a period of 10 years' to life imprisonment; that he appealed the judgment of conviction and imposition of sentence to the Circuit Court of Appeals for the District of Columbia Circuit; that said appeal was dismissed on June 10, 1953; that he has previously filed petitions for habeas corpus in the United States District Court for the Middle District of Pennsylvania; in the Fifth Circuit Court of Appeals; and in the United States Supreme Court, all of which were denied; that he has filed a "motion to vacate sentence" in the trial court, which was also denied, without opinion, following which petitioner was, he states, "denied leave to appeal in forma pauperis in the Original Court and the Court of Appeals for the District of Columbia" (sic); that he was represented by counsel during the course of his arraignment and plea, his trial, his sentencing, and on appeal. Petitioner does not state whether he was represented by counsel upon preparation, presentation or consideration of the postconviction motion and petitions filed with respect to this conviction. Petitioner avers that the contention here raised has previously been presented to the sentencing court and that he has "resorted to habeas cor-

pus for relief, because he has exhausted his rights in the Original Court." (sic)

Petitioner states as grounds for relief the contention that his conviction was obtained as a result of perjured testimony with regard to the questions of who found the body of the deceased and who called the police to the scene of the death.

The petition in this case presents the same contentions as were presented by petitioner's previous petition in Cagle v. Ciccone, Civil Action No. 16628–3. In that case, as in this one, petitioner contended that the Government knowingly used perjured testimony in prosecuting the petitioner, and also attempted to establish that his remedy pursuant to a motion in the sentencing court under Section 2255, Title 28, U.S.C., was an ineffective and inadequate remedy. In this case, however, petitioner attempts to establish inadequacy of the Section 2255 remedy by stating that his motion was denied by a minute entry and that he was denied leave to appeal in forma pauperis. No facts, however, are presented to justify any inference that this effectively prevented petitioner's exercise of his right to appeal or that it rendered the remedy by way of Section 2255 ineffective or inadequate. After being expressly invited to file a traverse in which he should admit or deny the respondent's averment that such remedy was effective and adequate, petitioner stated that his Section 2255 remedy was inadequate and ineffective, but did not state facts to controvert those upon which respondent based its response that the remedy was adequate and effective.

Petitioner should therefore seek leave of the Court of Appeals to appeal in forma pauperis or should file a motion under Section 2255, Title 28, U. S.C., in the sentencing court and again appeal any denial thereof in the appropriate court of appeals with regard to the contention presented here. The appellate court has power to allow an in forma pauperis appeal even where such privilege has been denied by the district court. Dodge v. Bennett (C.A. 1) 335 F.2d 657; Williams v. Field (C.A. 9) 394 F.2d 329. Further, in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the United States Supreme Court held that the denial of a prior application for relief under Section 2255 is of controlling weight only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, and (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. But *Sanders* also held that conventional notions of finality of litigation have no place where liberty is at stake and any infringement of constitutional rights is alleged. Principles of res judicata are not applied even though grounds asserted in later Section 2255 motions are identical to those presented in earlier Section 2255 motions. Haynes v. Ciccone (W.D.Mo.) 248 F.Supp. 898; cf. United States v. McDowell (C.A.6) 305 F.2d 12, cert. den. 371 U.S. 927, 83 S. Ct. 296, 9 L.Ed.2d 234, reh. den. 371 U.S. 960, 83 S.Ct. 511, 9 L.Ed.2d 508. If the decisions by the sentencing court and Court of Appeals for that circuit on petitioner's prior motion were not in accordance with the law, successive applications for relief under Section 2255 may be filed by petitioner in the sentencing court and adverse rulings thereon appealed until a correct decision has been rendered, and until the ends of justice would not be served by reaching the merits of a subsequent application. Sanders v. United States, supra; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. "Under the liberal doctrines of the trilogy, it is difficult to imagine circumstances under which the motion or motions under Section 2255 in the sentencing court and appeal or appeals to the Court of Appeals * * * would prove inadequate or ineffective." Little v. Swenson (W.D.Mo.) 282 F. Supp. 333, 336. See also Sanders v. United States, *supra;* Hart v. Harris

(W.D.Mo.) 228 F.Supp. 853; Haynes v. Ciccone, *supra,* and cases therein cited.

■ Unless there are extraordinary and exceptional circumstances shown, which are not present in this case, this Court should not undertake to review in a petition for habeas corpus the actions of a coordinate district court of the United States and of the Court of Appeals of another Circuit. Smith v. Harris (C.A. 8, 1965) 351 F.2d 309, affirming (W.D.Mo.) 237 F.Supp. 665; and cases therein cited; Haynes v. Ciccone, *supra.*

■ Petitioner has not stated any factual basis for concluding that his remedy by motion under Section 2255 is inadequate or ineffective. Petitioner should appeal the denial of his Section 2255 motion which he here alleges or should again present the claim contained in the petition to the sentencing court by motion under Section 2255 and appeal any adverse ruling thereon. Therefore, the petition herein should be dismissed. It is therefore

Ordered that the petition for habeas corpus herein be, and the same is hereby, dismissed without prejudice.