William Reece JOHNSTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6639.

United States Court of Appeals Tenth Circuit.

June 6, 1961.

Submitted on briefs by appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before BRATTON, LEWIS, and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

A bank in Kansas was robbed on two separate occasions. William Reece Johnston and Fred Charles Riley were indicted jointly for each offense; the cases were consolidated; both defendants were convicted for each offense; and each was sentenced to imprisonment for periods aggregating thirty years. The judgments were affirmed, Johnston v. United States, 10 Cir., 260 F.2d 345, and certiorari was denied, 360 U.S. 935, 79 S.Ct. 1454, 3 L.Ed.2d 1547. Proceeding under 28 U.S.C. § 2255, Johnston filed a motion to set aside the sentences imposed upon him on the single ground that during the trial he was mentally incompetent, due to the administration of drugs, and for that reason was unable to cooperate with his attorney in his defense. The motion was denied, and the cause came here on review.

It is the general rule that in ordinary circumstances after a defendant has pleaded guilty or has been convicted and sentenced in a criminal case, judicial inquiry and determination of the question of his mental condition in respect to being insane at the time of such plea or conviction can be determined only in the manner provided in 18 U.S.C. § 4245, not by motion under 28 U.S.C. § 2255. Gordon v. United States, 10 Cir., 250 F.2d 676; Hereden v. United States, 10 Cir., 286 F. 2d 526.

Section 4245 provides in substance that when the Director of the Bureau of Prisons certifies that a person convicted of an offense against the United States has been examined by a specified board of examiners and that there is probable cause to believe that he was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised before or during the trial, the court shall conduct an inquiry in the manner therein specified

and if the court finds that the accused was mentally incompetent at the time of the trial, the judgment of conviction shall be vacated and a new trial granted. But the statute has application to instances in which the accused suffered mental impairment or disease of substantial duration in time which enables psychiatrists to predicate skilled opinion based upon observation, examination, and tests of him after the trial as to whether he was insane at the time of the trial. Cases of that kind adapt themselves to the statute. No condition of that pattern was pleaded even inartfully in the motion in this case. Instead, it was pleaded only that Johnston suffered temporary mental disability during the trial, due to the administration of drugs. And inquiry respecting a temporary disability of that kind does not come within the procedural range of section 4245. Instead, it is open to presentation by motion under 28 U.S.C. § 2255. Gregori v. United States, 5 Cir., 243 F.2d 48; Smith v. United States, 9 Cir., 267 F.2d 210; Alexander v. United States, 5 Cir., 290 F.2d 252.

■ The burden rested on Johnston to establish by evidence his asserted mental incompetence at the time of the trial of the criminal case. Johnston and others testified and documentary evidence was adduced. The court found among other things that Johnston was not under the influence of medicines or drugs at the time of the trial of the criminal case which in any way impaired his faculties so as to prevent him from participating fully in his defense. The finding is supported by adequate evidence and is not plainly erroneous, due regard being had for the opportunity of the trial court to observe the witnesses and weigh their testimony. Accordingly, it must stand on review.

■■ The court appointed as counsel for Johnston in connection with the proceedings on the motion the attorney who had represented him in the criminal case. No objection was made to such appointment at the outset. At one juncture during the proceedings, objection was interposed and the suggestion was made that

another attorney be named. The selection of court-appointed counsel for indigent parties rests in the sound judicial discretion of the trial court. The record makes it clear that the attorney represented Johnston with ability and efficiency throughout the proceedings on the motion. His appointment did not constitute an abuse of discretion.

■ One contention remains. It is that the court erred in declining to grant Johnston a continuance or postponement of the hearing for a specified purpose. The application for such continuance or postponement was addressed to the sound judicial discretion of the court, and no abuse of such discretion appears.

The judgment denying the motion is affirmed.