**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnnie Clifford McDOWELL, Defendant-Appellant.**

**No. 14791.**

United States Court of Appeals
Sixth Circuit.
June 29, 1962.

Johnnie Clifford McDowell, in pro. per.

Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief, for appellee.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal by Johnnie Clifford McDowell from denial of his petition, brought under § 2255, Title 28 U.S.C.A., to set aside his sentence to life imprisonment. Such sentence was imposed on November 30, 1959, following his conviction by a jury of transporting in interstate commerce a girl of eleven years of age who had been kidnapped by him and who before her liberation had been raped by him (Title 18 U.S.C.A., § 1201). Upon his direct appeal to this Court, his conviction was affirmed. McDowell v. United States, 6 Cir., 283 F.2d 867, cert. denied, 366 U.S. 937, 81 S.Ct. 1664, 6 L.Ed.2d 848.

His appeal from judgment of conviction was prosecuted in forma pauperis and a transcript of the testimony taken and the proceedings at his trial was furnished at government expense. His § 2255 petition to the district court charges that "the government" falsified the transcript of the testimony by deleting therefrom a true and accurate report of the trial testimony of the allegedly kidnapped and raped girl and by substituting a false account thereof. McDowell further charged that an erroneous and prejudicial instruction to the jury had likewise been deleted from the transcript. His petition does not with particularity specify how and by whom "the government" accomplished the falsification of the record. His petition avers that:

"Petitioner will prove that the Government falsified many parts of the transcript of the proceedings, while Petitioner will not here set forth each and every and all specific parts thus made fraudulent, he will state here and now that the Government falsified the testimony of Maggie Ann Hayes, the little girl involved. At the trial the witness testified that the F. B. I. and county investigator brought to her home pictures of the Petitioner, prior to the line-up identification, and on three (3) different occasions schooled her on said pictures. Her testimony revealed that the subsequent line-up identification was a farce and conducted in such a manner that she would have picked anyone out of the line-up as directed. She was asked who it was that pulled such a maneuver (sic) and she said that Mr. George C. Welborn and Mr. Mellicoat did, and she pointed them out in the court room. She testified under cross-examination that she had never before in her life saw the Petitioner before she was shown the pictures of him and later saw him in person for the first time at the County Jail line-up. The foregoing, together with other facts, was deleted from the transcript; and substituted therefore was the reflection that she, Maggie Ann, had picked him out of the line-up and had previously seen her and the petitioner raped her (even though the doctor swore she was still a virgin after the alleged rape). Deleted from the transcript, among other things is the instruction of the Court to the jury to not take the statement of one Frances Stevenson as having any bearing on the case one way or the other."

McDowell excuses his failure to raise this matter on appeal by asserting that he did not discover what he claims was done until counsel appointed to represent him on appeal supplied him with a copy of the government's brief and appendix. This, he says, was not done until after the time for filing a petition for rehearing of our affirmance of his conviction had expired. He avers, too, that he was unable to get the government's misconduct before the United States Supreme Court in his application for that Court's writ of certiorari. His claim in this regard could be believed. He was represented by counsel at his trial and in the early steps of his appeal. Such counsel, however, withdrew prior to the transcript being provided. Such transcript was thereafter furnished to his appointed counsel. Such counsel would be entirely dependent on the transcript for his knowledge of what occurred at the trial.

We cover this subject only because, were it not for such situation, we would hold that any error in the transcript should have been corrected before the case was submitted to us on appeal.

■ An initial question is whether a Section 2255 motion is the proper remedy in this situation. Petitioner claims that he was denied the opportunity to have his conviction reviewed upon an honest record. If true, the wrong which occurred would amount to a denial of due process of law. Since the wrong, if any, occurred after he was convicted and sentenced, the proper remedy would seem to be a petition in the nature of a writ of error coram nobis. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; 28 U.S.C.A. § 1651(a). We do not think, however, that failure to observe the niceties of procedural choice should deprive this petitioner of a remedy to correct a denial of due process. In United States v. Hayman, 342 U.S. 205, 216, 217, 72 S.Ct. 263, 96 L.Ed. 232, it is suggested that § 2255 is of the nature of, but even broader than, coram nobis. Whether McDowell's petition be treated as it was denominated, viz., a § 2255 petition or a petition in the nature of a writ of error coram nobis, we consider that it properly presented for adjudication the wrong that McDowell claims was done to him.

The district judge did not provide McDowell with an opportunity to appear and testify. The district attorney filed a response to petitioner's motion and therein denied the claimed falsification of the transcript. McDowell thereupon filed a traverse to the government's response. Thereafter, the district judge terminated the matter by a memorandum and order which, after a recital of petitioner's charges, concluded as follows:

> "Since the filing of the petition we have read the testimony of Maggie Ann Hayes as embodied in the transcript of the record that was before the Court of Appeals, and the charge of the Court to the jury as well as other parts of the transcript, and this information, supplemented by the knowledge gained as the presiding judge at the trial, convinces the Court that the allegations of fraud and falsification of the record are wholly without truth.

> "Petitioner's motion and the files and records of the case conclusively show that petitioner is entitled to no relief; and it is therefore ordered that his motion to vacate the judgment and sentence be, and the same hereby is, denied."

■■ McDowell argues to us that he should have been permitted to testify and produce witnesses to support his charges. We are satisfied that the district judge's action was proper and gave McDowell's petition adequate consideration. His review of the files and records of the court, including the transcript certified as correct by the court's official reporter, and the judge's own recollection of the events of the trial at which he presided, gave him adequate information upon which to render a decision. The district judge had the right to rely upon the court's own record and the court reporter's transcript. Johnston v. United States, 10 Cir., 292 F.2d 51.

Neither United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, nor Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, require a holding that McDowell should have been permitted to attempt support of his fantastic charges by a personal appearance in court. Rather, we feel that this case presents a situation contemplated by Justice Stewart's language in the Machibroda case:

> "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language

of the statute does not strip the district courts of all discretion to exercise their common sense" (368 U.S. 495, 82 S.Ct. 514).

The statute itself (Title 28, § 2255) expressly provides that "a court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

We think, also, that the Machibroda case emphasizes the propriety of the district judge's action in the case at bar. The Supreme Court there pointed out that Machibroda's petition related "primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a *kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection*." (Emphasis provided.) The truth or falsity of McDowell's charges involve matters that occurred in open court, recorded by the official court reporter, and were within the personal knowledge and recollection of the trial judge.

We believe we correctly observed in Johnson v. United States, 6 Cir., 239 F. 2d 698, 699, that to bring a prisoner into court would be "against sound public policy in the enforcement of justice in criminal cases, where the grounds upon which the petition is based are so palpably incredible."

 McDowell's address to this court asks that we remand the cause to the district court for a hearing before a judge other than District Judge Robert Taylor. He avers that this is necessary so that Judge Taylor's credibility and the integrity of his recollections may be tested. While our courts are anxious to protect the Constitutional rights of prisoners, however loathsome their offenses and however despicable their charges against the officers and judges of our courts, we do not believe that this case requires what McDowell asks.

Judgment affirmed.