**William CAGLE, Jr., Appellant,**

v.

**Dr. Pasquale J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 18384.**

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1966.

William Cagle, Jr., pro se.

F. Russell Millin, U. S. Atty., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

PER CURIAM.

William Cagle, Jr., hereinafter called defendant, has taken a timely appeal in forma pauperis from final order dismissing his petition for writ of habeas corpus without prejudice.

Defendant was tried and convicted by a jury in the United States District

Court for the District of Columbia on a charge of second degree murder and is presently serving a sentence imposed by such court on July 21, 1952, at the Medical Center for Federal Prisoners at Springfield, Missouri.

Defendant's petition is prepared upon the form provided by the judges of the Western District of Missouri and in general use there. As grounds for relief, defendant asserts (1) that the indeterminate sentence imposed upon him is illegal, and (2) that he was convicted by the knowing use of perjured testimony by the prosecutor.

The trial court in its opinion correctly points out that the petition on its face shows petitioner has not sought relief under 28 U.S.C.A. § 2255 in the sentencing court upon the grounds here asserted and that he has neither alleged nor demonstrated that his § 2255 remedy is inadequate or ineffective to test the legality of his conviction.

█ Section 2255 clearly requires a prisoner to exhaust his remedies under such section in the sentencing court before seeking relief by habeas corpus. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Haynes v. Harris, 8 Cir., 344 F.2d 463, 466; Smith v. Settle, 8 Cir., 302 F.2d 142, 143.

██ While § 2255 contains the exception that habeas corpus may lie without previously invoking relief under § 2255 where it is shown that the § 2255 relief is inadequate or ineffective, the burden is upon the petitioner to allege or demonstrate inadequacy or ineffectiveness. Smith v. Settle, supra. Such burden has not here been met.

█ The trial court upon the basis of a full consideration of the record before it concluded:

"Because petitioner has not sought relief in the committing court under Section 2255 of Title 28, U.S.C.A. on the grounds here relied on, and because he has not demonstrated that his remedy under that Section is inadequate or ineffective to test the legality of his detention, this petition should be dismissed without prejudice."

Our examination of the record convinces us that the trial court properly dismissed the petition for writ of habeas corpus without prejudice for the reasons which it states.

The judgment dismissing the petition is affirmed.