Wilbert RUFFIN, Plaintiff,

v.

Dr. P. J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 16471–3.

United States District Court
W. D. Missouri, W. D.

June 22, 1967.

Wilbert Ruffin, pro se.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE

BECKER, Chief Judge.

The petitioner, a convict confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri, has filed a petition for habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was sentenced by the United States District Court in East St. Louis, Illinois, for an "unknown" term upon a plea of guilty to an "un-

known" charge; that petitioner appealed to the United States Court of Appeals for the Seventh Circuit; that the result of this appeal (affirmance apparently) has not been reported; and that he has not moved under § 2255 of Title 28 for relief.

The nature of petitioner's complaint is not clear, although he appears to raise a jurisdictional question relating to the power of the committing federal court to order that a federal sentence shall run concurrently with a state sentence.

■ This Court should not at this time determine the merits of petitioner's contentions for the following reasons: (1) the petitioner has stated no facts which expressly or impliedly warrant any relief, and (2) in any event it does not appear from the documents filed herein that petitioner has sought relief under § 2255 of Title 28 U.S.C., in the sentencing court.

■ Absent exceptional circumstances not claimed to exist in this case, the courts in which any claim for relief from the alleged conviction might be litigated are the committing court and the appellate courts having jurisdiction of appeals and petitions for certiorari questioning the validity of the orders of the committing courts. Smith v. Settle (C.A.8, 1962) 302 F.2d 142; Cagle v. Ciccone (C.A.8, 1966) 368 F.2d 183. It cannot be assumed, under the circumstances of this case, that the rights of petitioner will not be safeguarded in the committing court or in the appellate courts having jurisdiction to review the orders of the committing court.

■■ Before seeking habeas corpus in this Court, petitioner should move the committing court under § 2255 of Title 28, U.S.C., to set aside the plea of guilty and to vacate the concurrent sentence (alleged to be invalid). He should thereafter seek review by appeal of any adverse decision of the committing court in the Court of Appeals for the Seventh Circuit, and should petition the Supreme Court of the United States for review by certiorari of any adverse decision on appeal. When these steps are taken and shown to be unsuccessful, petitioner will be in position properly to apply to this Court for relief by habeas corpus, at which time petitioner should endeavor to answer thoroughly and accurately the questions presented in the form. Petitioner claims erroneously that § 2255 is not available for presentation of his claims. For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus herein be, and it is hereby, denied without prejudice to the merits of petitioner's contentions.