Johnnie Clifford McDOWELL, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 16653-3.

United States District Court
W. D. Missouri, W. D.

Nov. 28, 1967.

Johnnie Clifford McDowell, pro se.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a convict confined at the United States Medical Center for Federal Prisoners, Springfield, Missouri, has filed in this Court a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was charged with kidnapping in violation of Section 1201(a), Title 18, U.S.C.; that he plead not guilty and, after a jury trial, was found guilty; that on November 30, 1959, the United States District Court for the Eastern District of Tennessee imposed a life sentence; that he appealed the judgment of conviction and imposi-

tion of sentence to the United States Court of Appeals for the Sixth Circuit; that the appellate court affirmed the judgment of conviction and imposition of sentence of the trial court (see McDowell v. United States, 6 Cir., 283 F.2d 867, cert. den. 366 U.S. 937, 81 S.Ct. 1664, 6 L.Ed.2d 848); that he filed a petition for a writ of *coram nobis* and a motion under Section 2255, Title 28, U.S.C., in the committing court each of which was denied; that no ground set forth in his present petition for a writ of federal habeas corpus has been presented to any other federal court; that the sentence he is presently serving should be set aside and that he should be released from custody because the transcript on appeal for the judgment of conviction and imposition of sentence forwarded to the United States Court of Appeals for the Sixth Circuit was incomplete and, therefore, he was denied due process of law; that a hearing should be held on this matter; and that he was represented by counsel at his arraignment and plea, at his trial, and at his sentencing.

The official report [1] of petitioner's appeal of the committing court's denial of his motion for post-conviction relief states that the motion may be considered either a motion pursuant to Section 2255, Title 28, U.S.C., or a petition in the nature of a writ of error *coram nobis*; that the issues presented there were whether or not the government falsified the transcript on appeal and whether or not the transcript on appeal was complete; that "the district court judge did not provide [petitioner] with an opportunity to appear and testify"; that the district court found that " 'petitioner's motion and the files and records of the case conclusively show that petitioner is entitled to no relief' "; and that the appellate court affirmed the district court's denial of petitioner's Section 2255 motion or petition for writ of error *coram nobis* finding that the district court judge's "review of the files and records of the court," which included a certified

---

1. United States v. McDowell (C.A.6) 305 F.2d 12, cert. den., 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234, reh. den., 371 U.S. 960, 83 S.Ct. 511, 9 L.Ed.2d 508.

copy of the transcript in question, and his "own recollection of the events of the trial at which he presided, gave him adequate information upon which to render a decision." The official record discloses denial by the Supreme Court of the United States of petitioner's application for certiorari to review the affirmance of the committing court's denial of petitioner's motion under Section 2255. See footnote 1, supra.

Section 2255, Title 28, U.S.C., in part, reads as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner's contention in his petition for a writ of habeas corpus that a complete transcript on appeal of the judgment of conviction and imposition of sentence in the district court has never been presented to a federal court prior to his proceeding is not correct. In United States v. McDowell (see footnote 1, supra), it is stated that petitioner contended there that the transcript of the testimony given in the district court was falsified by deleting some of the testimony and substituting false testimony. Therefore, it may be assumed that petitioner is contending that a motion under Section 2255 which must be filed in the committing court is inadequate or ineffective to test the legality of his detention. In this regard, petitioner states the following: "Petitioner that 2255 is the proper remedy but district court say no but if petitioner restrained of his liberty by due process habeas corpus is the proper remedy." (sic)

■ The controlling decision on the matter in question here was rendered by the United States Supreme Court in Sanders v. United States, 373 U.S. 1,

83 S.Ct. 1068, 10 L.Ed.2d 148. In that case the United States Supreme Court held that the denial of a prior application for relief under Section 2255 is of controlling weight only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, and (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

■ Here the prior adjudication on petitioner's motion under Section 2255 meets all three tests, and the petition for habeas corpus should be denied. However, it was further held in the *Sanders* case that conventional notions of finality of litigation have no place where liberty is at stake and any infringement of constitutional rights is alleged. Sanders v. United States, l. c., 373 U.S. 8, 83 S.Ct. 1073, 10 L.Ed.2d 157. This holding is recognized and principles of res adjudicata are not applied in this case even though the grounds asserted here were asserted in the prior motion under Section 2255. United States v. McDowell, supra, l. c., 305 F.2d 13, cert. den. 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234, reh. den. 371 U.S. 960, 83 S.Ct. 511, 9 L.Ed.2d 508.

If petitioner's statements are assumed to be true, this is a case in which the petitioner seeks to establish that the remedy by motion under Section 2255 is inadequate or ineffective. The petitioner seeks to establish this by alleging that he was not afforded an evidentiary hearing on his prior motion under Section 2255 and that the affirmance by the Court of Appeals for the Sixth Circuit of the committing court's denial of the motion denied him a remedy under Section 2255, Title 28, U.S.C.

■ The question presented is whether or not the transcript on appeal was complete, accurate, and a true reflection of the proceedings in the trial court. This question was presented to the committing court in the prior proceeding by petitioner under Section 2255. The committing court's denial of the motion was

then presented to the Court of Appeals for the Sixth Circuit and to the United States Supreme Court for review. The appellate court stated the following:

"McDowell argues to us that he should have been permitted to testify and produce witnesses to support his charge. We are satisfied that the district judge's action was proper and gave McDowell's petition adequate consideration. His review of the files and records of the court, including the transcript certified as correct by the court's official reporter, and the judge's own recollection of the events of the trial at which he presided, gave him adequate information upon which to render a decision. The district judge had the right to rely upon the court's own record and the court reporter's transcript. Johnston v. United States, 10 Cir., 292 F.2d 51." United States v. McDowell, supra, l. c., 305 F.2d 14.

The Supreme Court twice refused to review and reverse the rulings of the Court of Appeals. See footnote 1, supra.

Under Section 2255, " '[A] prompt hearing' on the motion is required '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * * ' " Sanders v. United States, supra, l. c., 373 U.S. 4, 83 S.Ct. 1071, 10 L.Ed.2d 154. Apparently the committing and appellate courts viewed the files, records, and the certified transcript before them as adequate for the purpose of rendering a fair decision and one in accordance with the law. Assuming their decisions to be correct, it would not serve the ends of justice to undertake to review on habeas corpus the lawful actions of the District Court and the Court of Appeals for the Sixth Circuit. In reaching this conclusion it is not necessary to rely on Section 2244 of Title 28, U.S.C., which provides the following:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

Nevertheless, in an appropriate case as in this case, Section 2244 is applicable and constitutional in its application, for the *Sanders* case states that the principles of Section 2244 are applicable to habeas corpus as well as motions under Section 2255.

However, petitioner is not barred by conventional notions of finality. If the decisions by the committing court and Court of Appeals for the Sixth Circuit on petitioner's prior motion under Section 2255 were not in accordance with the law, successive applications for relief under Section 2255 may be filed by petitioner in the committing court, the District Court of the Eastern District of Tennessee, and adverse rulings thereon appealed until a correct decision has been rendered, and until the ends of justice would not be served by reaching the merits of a subsequent application. Sanders v. United States, supra. See also the companion cases of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The view that absent exceptional circumstances this Court in a collateral proceeding should not undertake to review the decision of a Court of Appeals of another circuit has been followed in other cases of similar nature. See Cagle v. Ciccone (C.A. 8) 368 F.2d 183, Smith v. Settle (C.A. 8) 302 F.2d 142, and Haynes v. Ciccone (W.D.Mo.) 248 F. Supp. 898. For the reasons herein stated, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus herein be, and the same is hereby, dismissed without prejudice.