**David E. HOWINGTON, Petitioner,**

**v.**

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 16749-3.**

United States District Court
W. D. Missouri, W. D.

March 26, 1968.

David E. Howington, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri, has filed in this Court a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that on August 11, 1967, after a plea of guilty to violating Section 2113(d), Title 18, U.S.C. (bank robbery and incidental crimes), the United States District Court for the Eastern District of North Carolina committed him for a term of 15 years; that the commitment was under Section 4208(a), Title 18, U.S.C. (fixing eligibility for parole at time of sentencing); that he

did not appeal the imposition of sentence; that on December 18, 1967, he filed in the sentencing court a motion under Section 2255, Title 28, U.S.C., to set aside and vacate his sentence; that his 2255 motion is still pending in the sentencing court; that the grounds presented in the petition. herein are also presented in the 2255 motion which is pending in the sentencing court; and that he was represented by counsel at his arraignment, plea and sentencing.

The grounds on which petitioner bases his allegation that he is being held in custody unlawfully are that he was not advised of his "constitutional rights"; that petitioner was not given an opportunity to retain counsel "before being interrogated by the F.B.I."; that petitioner's automobile was unlawfully searched; that petitioner's court-appointed counsel was not afforded an opportunity to adequately investigate the charges made against the petitioner; that petitioner's counsel orally assured the petitioner and his accomplice that they would receive "light sentences" if they plead guilty to the charges; that petitioner has a past history of mental illness and as a result of this was honorably discharged from the United States Army; that petitioner's court-appointed counsel on August 10, 1967, requested the sentencing court to submit the petitioner to a psychiatrist for evaluation and observation, and that the sentencing court refused this request; that on the afternoon of August 10, 1967, petitioner was taken before a psychiatrist with whom he talked for "ten or fifteen minutes"; that on August 11, 1967, the psychiatrist with whom he talked the day before testified that petitioner was "extremely emotionally disturbed" and the court then sentenced petitioner; that petitioner's court-appointed counsel did not inform him of his right to appeal; that petitioner signed and executed "waivers" without the benefit of counsel and that he did not know what a "waiver" was; that petitioner was mentally incompetent to aid and assist in his own defense; and that

petitioner's court-appointed counsel was "insufficient."

Petitioner states that he has filed a motion to vacate and set aside his sentence in the sentencing court pursuant to Section 2255, Title 28, U.S.C. This is the appropriate remedy for his complaints. This Court should not attempt to determine the merits of petitioner's contentions contained in the petition herein because his Section 2255 motion is presently pending before the sentencing court. Petitioner does not contend that his remedy by way of this motion is inadequate or ineffective. Therefore, the petition herein should be dismissed without prejudice.

Absent exceptional circumstances not claimed to exist in this case, the courts in which any claim for relief from an alleged conviction and sentence should be litigated are the sentencing court (here the United States District Court for the Eastern District of North Carolina) and the appellate courts having jurisdiction of appeals from the orders of the sentencing courts (here the United States Court of Appeals for the Fourth Circuit). Smith v. Harris (C.A. 8, 1965) 351 F.2d 309, affirming per curiam Smith v. Harris (W.D.Mo.) 237 F.Supp. 665; Ruffin v. Ciccone (W.D. Mo., 1967) 284 F.Supp. 696. See Cagle v. Ciccone (C.A. 8, 1966) 368 F.2d 183; McDowell v. Ciccone (W.D.Mo., 1967) 275 F.Supp. 957. It cannot be assumed under the circumstances of this case that the rights of petitioner will not be protected in the sentencing court or in the appellate courts having jurisdiction to review the orders of the sentencing court.

Before again seeking habeas corpus in this Court, petitioner should secure a determination on the merits of his Section 2255 motion pending in the sentencing court and seek review of any adverse decision of the sentencing court in the Court of Appeals for the Fourth Circuit, and file a petition for certiorari in the United States Supreme Court. Under the liberal doctrines of the trilogy it is difficult to imagine circumstances

under which the motion or motions under Section 2255 in the sentencing court and appeal or appeals to the Circuit Court of Appeals for the Fourth Circuit would prove inadequate or ineffective. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Fay v. Noia, 373 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 373 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770. For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for federal habeas corpus herein be, and it is hereby, dismissed without prejudice to the merits of petitioner's contentions.