Johnnie Clifford McDOWELL, Appellant,

v.

Dr. P. J. CICCONE, Warden, Appellee.

No. 19123.

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1968.

Johnnie Clifford McDowell, pro se.

Calvin K. Hamilton, U. S. Atty., and John W. Carter, Asst. U. S. Atty., Kansas City, Mo., filed brief of appellee.

Before VAN OOSTERHOUT, Chief Judge, and GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

This is a timely appeal by Johnnie Clifford McDowell, hereinafter called defendant, from final order of the United States District Court for the Western District of Missouri denying without hearing his petition for habeas corpus. Defendant, at the time of filing his petition, was serving a life term at the United States Medical Center for Federal Prisoners in Springfield, Missouri, as a result of his conviction in the United States District Court for the Eastern District of Tennessee on an indictment charging kidnapping, aggravated by rape, in violation of 18 U.S.C.A. § 1201 (a). His conviction was affirmed. McDowell v. United States, 6 Cir., 283 F.2d 867, cert. denied 366 U.S. 937, 81 S.Ct. 1664, 6 L.Ed.2d 848. An order denying his § 2255 petition by the sentencing court was affirmed. 305 F.2d 12, cert. denied 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed. 2d 234.

A habeas corpus petition seemingly asserting the same general basis for relief as is asserted in the petition before us was filed by the defendant in the United States District Court for the District of Kansas while he was serving his sentence at the federal penitentiary at Leavenworth, Kansas. Such petition was denied and appeal from such denial was dismissed as frivolous. McDowell v. Willingham, 10 Cir., 354 F.2d 232.

The trial court in a memorandum opinion reported at 275 F.Supp. 957 sets out the pertinent facts and clearly demonstrates that the present petition for habeas corpus was properly dismissed.

Defendant's § 2255 motion in the sentencing court hereinabove referred to urged that the transcript for appeal furnished him at Government expense was fraudulent and incomplete. The Tennessee judge who presided at defendant's trial determined defendant's contentions lacked merit and dismissed the case. Such action was affirmed by the Sixth Circuit.

The charges made in the present petition are conclusory in nature and again basically assert the transcript furnished him was false and incomplete. The record discloses that such charge has been

fully and fairly considered and rejected in the prior litigation.

Defendant's repetitive petitions in the litigation hereinabove described are not before us for comparison with the present petition. To the extent if any that defendant's petition pleads any relevant issue which has not been fairly resolved in the prior litigation, § 2255 requires defendant to seek relief in the sentencing court. Defendant has not met the burden resting upon him to show § 2255 relief in the sentencing court is inadequate or ineffective. See Cagle v. Ciccone, 8 Cir., 368 F.2d 183, 184.

The order dismissing defendant McDowell's motion for writ of habeas corpus is affirmed.