**Steve Randall DOWNS, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 17861–3.**

United States District Court
W. D. Missouri,
Western Division.

Dec. 12, 1969.

——————◆——————

Steve Randall Downs, pro se.

Calvin K. Hamilton, U. S. Atty., by Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

# 1310

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus invalidating his conviction of an unnamed offense for having been secured in violation of his federally protected rights. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted of an offense which he does not name, upon his plea of guilty in the United States District Court for the Middle District of Alabama; that he was sentenced on that conviction on July 25, 1969, to a term of two years' imprisonment; that he appealed the judgment of conviction and imposition of sentence to the United States Court of Appeals for the Fifth Circuit, but that he has not yet been informed of any result and that the appeal is still pending; and that he has filed a previous petition for habeas corpus in this Court, requesting relief from conditions of confinement at the Medical Center (Downs v. Ciccone (W.D.Mo.) Civil Action No. 17835-3), which was transferred to the Southern Division of this Court on December 12, 1969, for an evidentiary hearing.

Petitioner states as grounds for his contention that his conviction was secured in violation of his federally protected rights and that he "was black mailed by State officals (sic) of Alabama" at the time of his sentencing. Petitioner states no facts in support of this allegation, but it is clear therefrom that he is seeking by means of this petition in habeas corpus to collaterally attack his conviction in the United States District Court for the Middle District of Alabama.

Whatever the merits of petitioner's contentions, the petition in this case should be dismissed without prejudice to them. An attack upon a conviction and sentence by means of a petition for habeas corpus or a motion to vacate under Section 2255, Title 28, United States Code, should not be entertained "during the pendency of an appeal from the judgment under attack, since disposition of the appeal may make the motion unnecessary." Bell v. United States (N.D. Miss.) 265 F.Supp. 311, 313, affirmed (C.A.5) 375 F.2d 763; Black v. United States (C.A.9) 269 F.2d 38, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357; Bilderback v. United States (M.D. Ga.) 159 F.Supp. 713; 4 Barron, Federal Practice and Procedure (Wright Ed. 1964 Supp.) § 2306, p. 353.

Further, if and when petitioner's appeal is decided adversely to him, he should file a motion to vacate his sentence in the committing court under Section 2255, Title 28, United States Code, rather than file another petition for habeas corpus in this Court. For the purpose of attacking his conviction and sentence, petitioner has an adequate and available remedy by way of filing a motion under Section 2255, Title 28, U.S.C., in the sentencing court and appealing any adverse decision thereon to the appropriate court of appeals. Absent exceptional circumstances not claimed to exist in this case, the courts in which any claim for relief from an alleged conviction should be litigated are the sentencing court (here the United States District Court for the Middle District of Alabama) and the appellate court having jurisdiction of appeals from the orders of the sentencing court (here the United States Court of Appeals for the Fifth Circuit). Smith v. Harris (W.D.Mo.) 237 F.Supp. 665, affirmed (C.A.8) 351 F.2d 309; Anno., 20 A.L.R.2d 976; Ruffin v. Ciccone (W.D.Mo.) 284 F.Supp. 696; Cagle v. Ciccone (C.A.8) 368 F.2d 183; McDowell v. Ciccone (W.D.Mo.) 275 F.Supp. 957. It cannot be assumed under the circumstances of this case that the rights of petitioner will not be protected in the sentencing court or in the appellate courts having jurisdiction

to review the orders of the sentencing court. If petitioner should receive an adverse decision on any § 2255 motion on appeal thereof to the appellate court, he should thereafter seek certiorari in the United States Supreme Court.

■ Further, the filing of previous § 2255 motions does not bar the filing of subsequent § 2255 motions, even when the previous motions have been denied throughout the appellate process on the same grounds which are sought to be raised in the subsequent motion. In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the United States Supreme Court held that the denial of a prior application for relief under Section 2255 is of controlling weight only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, and (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. The Supreme Court has also held that traditional and conventional notions of finality of litigation have no place where liberty is at stake and any infringement of constitutional rights is alleged. Principles of res judicata are not applied even though grounds asserted in later § 2255 motions are identical to those presented in earlier § 2255 motions. Haynes v. Ciccone (W.D.Mo.) 248 F.Supp. 898, cf. United States v. McDowell (C.A.6) 305 F.2d 12, cert. den. 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234, reh. den. 371 U.S. 960, 83 S.Ct. 511, 9 L.Ed.2d 508.

■ If the decisions by the sentencing court and Court of Appeals for the Fifth Circuit on petitioner's motions are not in accordance with the law, successive applications for relief under Section 2255 may be filed by petitioner in the sentencing court and adverse rulings thereon appealed until a correct decision has been rendered and until the ends of justice would not be served by reaching the merits of a subsequent application. Sanders v. United States, *supra*; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. "Under the liberal doctrines of the trilogy, it is difficult to imagine circumstances under which the motion or motions under Section 2255 in the sentencing court and appeal or appeals to the Court of Appeals * * * would prove inadequate or ineffective." Little v. Swenson (W.D.Mo.) 282 F.Supp. 333, 336. See also Hart v. Harris (W.D.Mo.) 228 F.Supp. 853; Haynes v. Ciccone, *supra*.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.