Johnnie Clifford McDOWELL, Petitioner,

v.

Robert I. MOSELEY, Warden,
Respondent.

No. L-1209.

United States District Court,
D. Kansas.

April 21, 1970.

Johnnie Clifford McDowell, pro se.

No appearance on behalf of the respondent.

———◆———

## MEMORANDUM AND ORDER.

ARTHUR J. STANLEY, Chief Judge.

1. Petitioner has filed with the Clerk of this Court his application for writ of habeas corpus and has paid the filing fee. Upon examination of the application so filed, and the attachments thereto, the court makes the following findings and order:

2. From the application, it appears that petitioner is now in the custody of the respondent, Robert I. Moseley, Warden of the United States Penitentiary at Leavenworth, Kansas, under color of authority of the United States by virtue of a sentence of life imprisonment imposed upon McDowell by the United States District Court for the Eastern District of Tennessee, Southern Division, on November 30, 1969, upon his conviction by a jury of the offense of transporting in interstate commerce, a kidnapped eleven year old girl contrary to 18 U.S.C.A. § 1201(a). Petitioner recites that he appealed the conviction to the 6th Circuit where the conviction was affirmed. McDowell v. United States, 283 F.2d 867 (6th Cir.) cert. den. 366 U.S. 937, 81 S.Ct. 1664, 6 L.Ed. 2d 848 (1961). He filed a motion for discharge under 28 U.S.C.A. § 2255 which application was denied by the trial court. McDowell v. United States, 305 F.2d 12 (6th Cir. 1962) cert. den., 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962). McDowell fails to disclose that he filed a second § 2255 motion with the trial court which was denied. McDowell v. United States, 336 F.2d 435 (1964) cert. den. 379 U.S. 980, 85 S.Ct. 685, 13 L.Ed.2d 571 (1965). Another § 2255 motion, characterized by the court as his sixth effort to obtain post-conviction relief, is McDowell v. United States,

274 F.Supp. 426 (E.D.Tenn.1967). While confined at the United States Medical Center for Federal Prisoners at Springfield, Missouri, McDowell filed an application for habeas corpus which was denied by Chief Judge Becker, McDowell v. Cicconi, 275 F.Supp. 957 (W.D.Mo. 1967). That decision was affirmed by the 8th Circuit which ruled that McDowell had not met the burden resting upon him to show that § 2255 relief in the sentencing court was inadequate or ineffective. McDowell v. Cicconi, 402 F.2d 257 (9th Cir. 1968). McDowell also failed to disclose a prior habeas proceeding in this court, McDowell v. Willingham, 354 F.2d 232 (10th Cir. 1965). The opinion includes the following language which is particularly appropriate here:

> The matters of which he now complains have either been conclusively litigated in the Circuit of his conviction, or they are yet cognizable there. The remedy under § 2255 is not inadequate or ineffective simply because the petitioner did not succeed thereunder, or even though it was erroneously withheld.

3. Petitioner contends that his present confinement is unlawful in that he was denied counsel at the time of his preliminary examination and was placed in a line-up without the benefit of counsel, contrary to the decisions of the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The only statement made by petitioner in his application as to why his remedy by way of motion under 28 U.S.C.A. § 2255 is inadequate or ineffective to test the legality of his detention is that "petitioner has exhausted all other remedies".

■ 4. The remedy by way of 28 U.S.C.A. § 2255 being as broad as habeas corpus (Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 [1969] supplants habeas corpus and is petitioner's exclusive remedy unless it is shown to be inadequate or ineffective to test the legality of his detention. Williams v. United States, 323 F.2d 672 (10th Cir. 1963); Johnson v. Taylor, 347 F.2d 365 (10th Cir. 1965) (per curiam); Carte v. Taylor, 347 F.2d 364 (10th Cir. 1965) (per curiam). A denial of relief by the sentencing court does not show that the § 2255 remedy is inadequate or ineffective. Arrington v. Willingham, 362 F.2d 803 (10th Cir. 1966); McDowell v. Willingham, supra. Accordingly, this court finds that petitioner fails to show why his remedy under § 2255 is inadequate or ineffective; that under the provisions of § 2255 this court is precluded from entertaining petitioner's application for a writ of habeas corpus; and that this action must be dismissed.

5. It is ordered that the relief sought be denied and that this action be dismissed. The Clerk is directed to transmit copies of this memorandum and order to the petitioner.