**Tyrone Jerome KELLY, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 77–1327C(2).

United States District Court, E. D. Missouri, E. D.

March 13, 1978.

---

**16.** See *U. S. v. NASD, supra.*

Tyrone Jerome Kelly, pro se.

Robert D. Kingsland, U. S. Atty., Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

Tyrone Jerome Kelly, a federal prisoner, has moved to vacate and set aside the sentence imposed upon him in Criminal Cause No. SS N 75–2 Cr. 28 U.S.C. § 2255. On May 30, 1975, following a jury trial in which he and two co-defendants were convicted of aiding and abetting a bank robbery, Kelly was sentenced to twenty years imprisonment. The conviction was affirmed on appeal. *United States v. Kelley,* 526 F.2d 615 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976).

Kelly alleges three claims for relief: (1) he was absent from the courtroom during a portion of the jury impaneling; (2) he was denied effective assistance of counsel when his attorney allowed him to be absent during a portion of the jury impaneling; and (3) he was denied effective assistance of counsel when his attorney failed to have a portion of the trial transcript corrected to reflect the actual testimony of a certain witness.

### (1)

Kelly alleges that in the midst of making peremptory jury strikes a noon recess was declared; when he returned to the courtroom for the continuation of the trial the petit jury was already impaneled. He alleges he did not consent to the jury selection in his absence.

The transcript of the *voir dire* proceedings indicates that the jury panel examination began with the Court introducing each defendant to the panel. The Court conducted the *voir dire* examination. No recesses were taken and the defendants re-

mained in the courtroom throughout the examination. While defense counsel considered their strikes the jury was excused for the lunch recess. At the reconvening of the trial counsel submitted their strikes, the jury was sworn, but the transcript does not indicate whether the defendants were in the courtroom. Kelly states that the jury was already impaneled when he was returned to the courtroom.

■ The Court has reviewed its own handwritten notes taken during the trial. Those notes state that court was reconvened at 2:00 p. m. following the lunch recess. Next, the notes state "20 minutes additional time for 3 defendants to view the jury." The Court clearly recollects that Kelly and his co-defendants were present in the courtroom from 2:00 p. m. to 2:20 p. m. when the peremptory jury strikes were considered, were exercised, and the petit jury sworn. Kelly's recollection to the contrary is in error.

### (2)

Kelly alleges that his trial counsel rendered ineffective assistance by his failure to object to Kelly's absence when the peremptory jury strikes were made. This ground for relief, being factually related to claim (1), likewise fails as a basis for relief.

### (3).

Kelly alleges the court reporter mistakenly recorded the May 5, 1975 trial testimony of government witness Roberson. He asserts that the testimony was recorded as "He [Kelly] said to me he and Theopolis had a 'B' [bank] set up in Moberly" when in fact the witness testified "He said to me Theopolis had a 'B' set up in Moberly." This testimony related to the concerted criminal activity of the defendants. Any such discrepancy could not have had a prejudicial effect on defendant during the trial because the jury heard the testimony as spoken and because the transcript was not prepared until after trial.

■ Nevertheless, the Court has reviewed the transcript of the later trial of co-defendant Rose. In that trial, on May 19, 1975, witness Roberson again testified "that he [Kelly] and Mr. [Theopolis] Wilson had a 'B' job up in Moberly." (Tr. 24). The transcript of Kelly's trial was filed June 20, 1975; the transcript of Rose's trial was filed July 3, 1975. The only reasonable conclusion from this record is that Roberson's testimony was the same in both trials. Kelly's current recollection of the Roberson testimony is an insufficient basis for further inquiry into the transcript's accuracy. *Cf., United States v. McDowell,* 305 F.2d 12, 14 (6th Cir.), *cert. denied,* 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962); *Holt v. United States,* 303 F.2d 791 (8th Cir. 1962), *cert. denied,* 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); *United States v. Smith,* 337 F.2d 49 (4th Cir. 1964), *cert. denied,* 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965).

For the reasons set out above, the claims of petitioner Kelly for relief under 28 U.S.C. § 2255 are without merit. The action will be dismissed.