**UNITED STATES of America**

v.

**William Lawrence NEWMAN.**

No. 3–89–0485.

United States District Court, M.D. Tennessee, Nashville Division.

May 29, 1990.

William Lawrence Newman, Lompoc, Cal., pro se.

Sumter L. Camps, Asst. Federal Public Defender, Nashville, Tenn., for plaintiff.

Joe B. Brown, Office of the U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is the plaintiff's motion for relief, pursuant to 28 U.S.C. § 2255, from the conviction of kidnapping, in violation of 18 U.S.C. § 1201, and the use of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). The plaintiff also seeks relief from the conviction of two Northern District of Alabama bank robbery charges, in violation of 18 U.S.C. § 2113(a), (d), that had been transferred to the Middle District of Tennessee.

## FACTS

On April 25, 1973, the plaintiff appeared before Judge Frank Gray, Jr., of the Middle District of Tennessee, Nashville Division and pled guilty to kidnapping, pursuant to 18 U.S.C. § 1201, and the use of a firearm during the commission of a felony, 18 U.S.C. § 924(c). At the time of this plea the plaintiff indicated that the plaintiff wished to have two charges for bank robbery pending against the plaintiff in the United States District Court for the Northern District of Alabama transferred to the Middle District of Tennessee so that the plaintiff could enter a plea of guilty. Judge Gray deferred sentencing until the cases in the Northern District of Alabama could be transferred to the Middle District of Tennessee.

On May 4, 1973 the plaintiff appeared before Judge Grey for sentencing on the kidnapping and unlawful use of a firearm

charges, as well as, the two charges for bank robbery which had been transferred from the Northern District of Alabama. Judge Grey sentenced the plaintiff to 20 years on the kidnapping charge and to 1 year on the firearms charges. Judge Grey also sentenced the plaintiff to 20 years on each of bank robbery charges to run concurrently with the 20 years imposed on the kidnapping charge.

On May 30, 1989, the plaintiff filed a motion for relief from the convictions, pursuant to 28 U.S.C. § 2255, seeking to set aside the guilty pleas.

## DISCUSSION

In his § 2255 petition the plaintiff claims that his convictions should be set-aside for four reasons: 1) the plaintiff was not informed of privilege against self-incrimination; 2) the plaintiff's guilty plea was not knowingly, intelligently, nor voluntarily made; 3) the plaintiff was denied effective assistance of counsel because the plaintiff's counsel never informed the plaintiff of his right to have a jury nullification instruction submitted to the jury.

The defendant, United States of America, opposes the plaintiff's § 2255 petition to set aside the plaintiff's conviction. The defendant argues that the Court informed the plaintiff of all relevant rights.

28 U.S.C. § 2255 provides in part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Sixth Circuit Court of Appeals has consistently held that a district court may dismiss a § 2255 motion without an evidentiary hearing if the movant's allegations, when considered in light of the entire record, do not raise significant questions of fact. *Baker v. United States of America,* 781 F.2d 85 (6th Cir.1986); *Bryan v. United States of America,* 721 F.2d 572 (6th Cir.1983); *Brock v. Unites States of Amer-*

*ica,* 451 F.2d 1209 (6th Cir.1971); *United States v. McDowell,* 305 F.2d 12 (6th Cir. 1962), *cert. denied,* 371 U.S. 927, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962); *United States v. Thomas,* 291 F.2d 478 (6th Cir.1961).

The Court has examined the plaintiff's allegations and the record and the Court finds that an evidentiary hearing is necessary on the plaintiff's allegations that the plaintiff was not informed of his privilege against self-incrimination and that the plaintiff's guilty plea was not knowingly, intelligently, nor voluntarily made. However, an evidentiary hearing is not necessary on the plaintiff's allegation that the plaintiff was denied effective assistance of counsel because an examination of the plaintiff's allegations and the records in the case reveal that they are meritless.

1. *The Plaintiff's Allegations that the Plaintiff was not Informed of the Privilege Against Self–Incrimination and that the Plaintiff's Guilty Plea was not Knowingly, Intelligently, nor Voluntarily Made*

■ The plaintiff alleges that his convictions should be set aside because the plaintiff was not informed of the privilege against self-incrimination and because the plaintiff did not knowingly, intelligently, and voluntarily make his guilty plea.

The Court finds that the motion and the files and records of the case do not conclusively show that the plaintiff is entitled to no relief. *See, Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (Suggesting that a waiver of the privilege against self-incrimination cannot be presumed from a silent record. Also suggesting that a guilty plea cannot be truly voluntary unless the defendant intentionally relinquishes a known right.) Therefore, pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of 28 U.S.C. § 2255, the Court hereby REFERS this action to the Magistrate to conduct a hearing on that portion of the plaintiff's § 2255 motion which deals with the plaintiff's allegation that the plaintiff was not informed of the privilege against self-incrimination and also the plaintiff's allegation that the plaintiff

did not knowingly, intelligently, and voluntarily make his guilty plea.

2. *The Plaintiff's Allegation that the Plaintiff was Denied Effective Assistance of Counsel*

 The plaintiff alleges that the plaintiff was denied effective assistance of counsel because the plaintiff's counsel failed to inform the plaintiff that the plaintiff had the right to have a jury nullification instruction submitted to the jury. This allegation is clearly without merit. A defendant in a criminal proceeding is not entitled to have a nullification instruction submitted to the jury. *United States v. Krzyske*, 836 F.2d 1013 (6th Cir.1988). Thus, that part of the plaintiff's § 2255 motion alleging denial of effective assistance of counsel is DISMISSED.